murder, it was error, after charging correctly on the statement, to add: "If the statement is a statement in your judgment which demonstrates his innocence and you believe that statement to be the truth of the case as I have just stated to you, you have the privilege and it would be your duty in that case to acquit him upon it. On the other hand, if you do not believe that statement to be such a statement as demonstrates his innocence, or if you believe that statement to be untrue, then you may accept the sworn testimony in place of it."                                        *Judgment reversed.*
October 8, 1894.

Indictment for murder.  Before Judge GAMBLE.  Tatt-nall superior court.  April term, 1894.

GARRARD, MELDRIM & NEWMAN, HINES & FELDER, LEE & GILES and A. H. DAVIS, for plaintiff in error.

J. M. TERRELL, attorney-general, and B. D. EVANS, solicitor-general, by HARRISON & PEEPLES, *contra.*

---

## IRBY v. THE STATE.

|  95 | 467 |
|-----|-----|
| 103 | 389 |

|  95 | 467 |
|-----|-----|
| 114 | 855 |
| 114 | 856 |

|  95 | 467 |
|-----|-----|
| 118 | 758 |

|  95 | 467 |
|-----|-----|
| 125 | 586 |

|  95 | 467 |
|-----|-----|
| 129 | 251 |
| 129 | 252 |

BLECKLEY, C. J.—1. The showing for a continuance not stating that the witness who was confined in the county jail was too unwell to appear and testify, there was no error in denying the continuance; the court, at the conclusion of the State's evidence, offering to have the witness brought from the jail for the purpose of testifying in behalf of the accused, and the offer being declined.

2. Before admitting a confession in evidence, the presiding judge should see to it that the confession was made freely and voluntarily; but where it affirmatively appears by the witness who heard the confession, that he held out no inducement and did nothing to excite either hope or fear and knew of nothing done by others to induce the confession, it is *prima facie* admissible, and the court, before admitting it, is not bound to hear evidence offered by the accused which might show coercion or the excitement of fear or hope as inducement to confess. Such evidence, however, may afterwards be adduced to the jury, and it will be for them to determine, under all the evidence submitted, whether or not the confession was free and voluntary. *Dawson* v. *The State*, 59 *Ga.* 333.

3. There being nothing in the evidence or in the prisoner's statement tending to show that the confession admitted in evidence was influenced by reward or the hope thereof, a request to charge the jury that the confession should not be considered if the jury believed, from the evidence and the statement of the defendant taken

together, that it was influenced by fear of injury or by reward or
hope thereof, and that whether it was so induced was a fact for the
jury to find, was properly denied. The language of the request
was more comprehensive than the statement, whether taken with
the evidence or without it, rendered pertinent or appropriate.

4. There being nothing in the evidence touching the element of self-
defense or any grade of homicide except murder, and no request
having been made to charge the jury on self-defense, failure to
charge on it was not error, although the prisoner's statement may
have presented the question, the court having charged on the state-
ment in terms of the statute. *Darby* v. *The State*, 79 *Ga.* 63; *Un-
derwood* v. *The State*, 88 *Ga.* 47.          *Judgment affirmed.*
October 8, 1894.

Indictment for murder. Before Judge MILNER. Bar-
tow superior court. January term, 1894.

J. B. CONYERS, T C. MILNER and J. W. HARRIS, Jr.,
for plaintiff in error. · J. M. TERRELL, attorney-general,
and A. W. FITE, solicitor-general, *contra*.

EVANS *v.* THE STATE.

BLECKLEY, C. J.—1. One of the State's witnesses having testified that
he was induced by the father of the accused to testify falsely before
the coroner's jury, and the father having contradicted him as to
the facts and circumstances by which the alleged influence was
exerted, a conversation between the two witnesses after the false
swearing was done is not admissible merely to corroborate the
State's witness, but is admissible to impeach the father, if, on be-
ing interrogated as to the same while under examination, his at-
tention being called to time, place and person, he denies a mate-
rial part of the conversation, so as to bring the matter within §3872
of the code touching the impeachment of witnesses by proof of
contradictory statements. That the father, after having had the
State's witness subpoenaed to testify in behalf of the accused, said
he would discharge him or withdraw the subpoena, is not admis-
sible in evidence as an independent fact, but might be relevant as
part of a conversation involved in the foregoing propositions.

2. It is not correct practice for the court to charge the jury as to the
preliminaries which must appear before contradictory statements
by a witness can be proved to affect his credit, these preliminaries
being matters exclusively for the court. But an error in this re-
spect would not be cause for a new trial.