## WILBURN v. THE STATE.

FISH, C. J. 1. Civil Code section 4861 confers power upon the judges of the superior courts in convention assembled to establish uniform rules of practice throughout the several circuits of this State. Rule 5 of those so established in July, 1907, in providing the time for argument declares: "In capital felonies counsel shall be limited to two hours on a side. . . But if counsel on either side shall, "before the argument in the case begins," apply to the court for an extension of the time prescribed for argument in this rule, and shall state in his place, or on oath, in the discretion of the court, that he or they can not do the case justice within the time prescribed, and that it will require for that purpose additional time, stating how much additional time will be necessary, the court shall grant such extension of time as may seem reasonable and proper." Civil Code, § 6264.

(a) On the trial of one charged with murder, leading counsel for the accused applied for an extension of four hours time for argument in behalf of the accused, and brought himself within the provisions of the rule. The judge declined to grant the request, but stated that three and one half hours would be allowed each side, and that he would endeavor not to curtail counsel in argument. During the concluding argument of the leading counsel for the accused, and after he had consumed four hours and ten minutes in his argument—associate counsel having consumed thirty minutes additional time,—the judge stated to him that he would be allowed ten minutes to close, and by reason of such statement the argument was closed within ten or fifteen minutes thereafter. *Held:* Under the rule the court is not obliged to grant the additional time requested, but may "grant such extension of time as may be reasonable and proper," thus investing the court with a legal discretion to allow such additional time as may, from the character, and all the circumstances of the case, seem reasonable and proper. In view of the facts of this case, there was no abuse of discretion on the part of the court. The interruption by the judge, when counsel for the accused had already consumed one hour and ten minutes more than the time allowed, and permitting counsel to continue the argument for ten or fifteen minutes longer, was no cause for a new trial on the ground that it prejudiced the accused, in that it tended to impress the jury that his "counsel had spoken long enough." Nor on the ground that three speeches were allowed in behalf of the State while only two speeches were made for the accused.

2. Marriage relates the husband to the wife's kindred, but does not relate any of his kindred to hers. Consequently the third or fourth cousin of the husband of the decedent's sister was not, for that reason, incompetent to try one charged with the murder of the decedent. *Burns* v. *State,* 89 *Ga.* 528 (15 S. E. 748); *Miller* v. *State,* 139 *Ga.* 719 (78 S. E. 181).

(a) The court properly refused to declare a mistrial on the ground of the alleged disqualification of such a juror.

(b) "It is well settled that the first ten articles of amendment to the Constitution of the United States were not intended to limit the powers

of the States, in respect to their people, but to operate on the national government only." Spies v. Illinois, 123 U. S. 131 (8 Sup. Ct. 22, 31 L. ed. 80); Brantley v. State, 132 Ga. 573 (64 S. E. 676, 22 L. R. A. (N. S.) 959, 131 Am. St. R. 218, 16 Ann. Cas. 1203). It follows, of course, that the provisions of the fifth amendment, to the effect that no one shall be compelled in any criminal case to be a witness against himself, had no application in this case.

(c) As the juror was not disqualified, there was for this reason, if for no other, no merit in the assignment of error that the refusal to declare a mistrial for the alleged disqualification of the juror was a violation of the provisions of the fourteenth amendment of the constitution of the United States.

3. To disqualify one from being a juror in a criminal case, he must have formed and expressed an opinion, either from having seen the crime committed, or from having heard the testimony under oath. One who from some other cause has formed and expressed an opinion which is not fixed and determined, and who indicates his competency by answering the statutory questions on his voir dire, is not an incompetent juror. Westmoreland v. State, 45 Ga. 225; Blackman v. State, 80 Ga. 785 (7 S. E. 626); Fogarty v. State, 80 Ga. 450 (5 S. E. 782); West v. State, 79 Ga. 773 (4 S. E. 325). See also Norton v. State, 137 Ga. 842 (74 S. E. 759).

(a) Applying this rule to the facts of the present case, the judge did not err in holding competent the two jurors who, the defendant contended, were disqualified and whom he struck by reason of the ruling of the court.

4. "No person shall be compelled to give testimony tending in any manner to criminate himself." Civil Code, § 6362. Accordingly, the court did not err in leaving it optional with a witness for the State to answer the question whether or not he had been criminally intimate with the wife of the decedent.

5. A confession of guilt is admissible in evidence when voluntarily made, without being induced by another, by the slightest hope of benefit or the remotest fear of injury. Penal Code, § 1032. The mere fact that the accused was in custody, or under arrest at the time the confession was made, did not render it incompetent if in fact it was made voluntarily within the legal meaning of the term. Hilburn v. State, 121 Ga. 344 (49 S. E. 318); Green v. State, 124 Ga. 343 (52 S. E. 431).

(a) It appears from the evidence submitted by the State that the confession objected to was freely and voluntarily made, at least so far as to be admissible in evidence, leaving the jury to finally pass on the question; and it was not inadmissible because made at night, in the woods, while the accused was handcuffed, and in the presence of a deputy sheriff and a detective, and while being transferred from one jail to another at the instance of his father.

(b) The admission in evidence of a confession voluntarily made, without being induced by another by the slightest hope of benefit or the remotest fear of injury, does not contravene the provisions of the State constitution that no person shall be compelled to give testimony tending in any manner to incriminate himself, nor is it inimical to anything contained in the 14th amendment to the constitution of the United States.

(c) It appearing that the preliminary examination as to the admissibility of the confession was conducted before the judge in the absence of the jury, no statement then made by the judge could prejudice the jury against the accused. As already ruled, the provisions of the fifth and sixth amendments to the constitution of the United States are not applicable to trials in State courts.

(d) On such examination, in the absence of the jury, the State made out a prima facie case for the admission of the confession; the court was not bound, before allowing it to go to the jury, to hear evidence on behalf of the accused tending to show coercion or improper inducement in its procurement. *Irby* v. *State,* 95 *Ga.* 467 (20 S. E. 218); *Adams* v. *State,* 129 *Ga.* 248 (58 S. E. 822, 17 L. R. A. (N. S.) 468, 12 Ann. Cas. 158). And this is true though the witnesses sought to be introduced by the accused on such preliminary examination were present with the accused and the witnesses for the State, who testified as to the confession, when the State contended it was made.

6. It was not cause for a new trial that the court, in defining circumstantial evidence and in instructing the jury as to the law on that subject, in the same connection gave to the jury the definition from the code of "sufficient evidence," "cumulative evidence," "direct evidence," and "presumptive evidence."

7. After giving the jury the definition of circumstantial evidence, the court charged the following: "To warrant a conviction on circumstantial evidence the proven facts must not only be consistent with the hypothesis of guilt, but must exclude every other reasonable hypothesis save that of the guilt of the accused." It was not error to follow this charge with the instruction that "it is only when the evidence is suc'? that it can not be explained on any other reasonable theory or supposition save that of the defendant's guilt, that a conviction on circumstantial evidence is authorized." Such additional instruction was not subject to the criticism that "it is not the true rule of criminal law on criminal [circumstantial] evidence, and the same was prejudicial to the rights of the accused."

8. Nor was it cause for a new trial that the court gave in charge section 1012 of the Penal Code, which is in the following language: "Moral and reasonable certainty is all that can be expected in legal investigation. In all civil cases the preponderance of testimony is considered sufficient to produce mental conviction. In criminal cases a greater strength of mental conviction is held necessary to justify a verdict of guilty." The statement of the rule, that in civil cases the preponderance of testimony is considered sufficient to produce mental conviction, was not calculated to prejudice the accused in the minds of the jury, for they certainly knew that they were not trying a civil case but a criminal case, and the impression made on their minds must necessarily have been from hearing the section read that a preponderance of the evidence would not be sufficient to authorize a verdict against the accused; but that a greater strength of mental conviction than that produced by a mere preponderance of testimony was necessary to justify a verdict of guilty. Moreover, the court fully and correctly instructed the jury as to the law of reasonable doubt, and as to circumstantial evidence, and as to the

character and strength of circumstantial evidence necessary to authorize a conviction. See *Helms* v. *State*, 138 *Ga.* 826 (76 S. E. 353), and cases cited.

9. Another instruction to the jury was as follows: "Whether dependent upon positive or circumstantial evidence, the true question in criminal cases is, not whether it be possible that the conclusion at which the testimony points may be false, but whether there is sufficient testimony to satisfy the mind and conscience beyond a reasonable doubt. I charge you in this connection, as a correct principle of law, if the jury after considering all of the circumstances in the case, after considering all the testimony developed on the stand, are satisfied of the defendant's guilt to a reasonable and moral certainty, and beyond a reasonable doubt, it would be your duty to convict the defendant, whether the conviction be dependent upon direct or whether it is dependent upon circumstantial evidence." This was excepted to on the ground that it was error because there was no direct or positive evidence in the case. This exception is not meritorious. The accused, according to the testimony of the witnesses for the State, freely and voluntarily confessed that he intentionally shot and killed the decedent under circumstances that unquestionably made the homicide murder. It was a direct and positive confession of guilt, in which the cause that led the accused to commit the crime and the manner and time of its commission were all stated in detail. And the only excuse given for the commission of the crime was that he was induced to perpetrate it by the wife of the decedent with whom the accused had been previously criminally intimate. Such a confession, therefore, can not be properly denominated as merely circumstantial evidence, but should be classified as direct evidence. *Eberhart* v. *State*, 47 *Ga.* 598 (8).

10. The court charged the jury to the following effect: That the corpus delicti can not be proved "by the mere confession of the accused;" and further, that if the jury believed that the accused had made a free and voluntary confession, it could be considered by the jury "in connection with all the other evidence in the case in arriving at a verdict." And again, that "The law requires a confession, if any, to be corroborated by other evidence in the case, or by circumstances developed in the trial of the case." And furthermore that "Such corroborating evidence need not be sufficient in itself to convince you of the defendant's guilt, but it must be of such a. character that in your opinion, beyond a reasonable doubt, tends to convince you of his guilt." These instructions were excepted to on the ground that a confession can not be considered in connection with other evidence in the case as to the proof of the corpus delicti, but the corpus delicti must be proved by evidence wholly independent of a confession. The exception is not meritorious. Section 1031 of the Penal Code declares: "A confession alone, uncorroborated by other evidence, will not justify a conviction," clearly intimating, by the use of the word "alone," that the confession may be considered along with other evidence, and, if the corroborating evidence be sufficient, a conviction will be justified. In *Bines* v. *State*, 118 *Ga.* 320 (45 S. E. 376, 68 L. R. A. 33), it was held: "Before a person charged with a particular crime can be lawfully found guilty thereof,

33

it is necessary to establish the corpus delicti. This can not be done by the mere extra-judicial confession of the accused. There must be aliunde proof of the corpus delicti." The use of the word "mere" clearly indicates that the confession was not to be entirely excluded from consideration by the jury in passing on the question as to whether the corpus delicti had been proved. Of course, in order to prove the corpus delicti, there must be evidence showing it independently of the confession; but it does not follow that the confession can not be considered in connection with such independent or aliunde evidence in passing on the question as to whether the corpus delicti has been proved. In *Murray* v. *State*, 43 *Ga.* 256, *Bines* v. *State*, supra, and *Williams* v. *State*, 125 *Ga.* 741 (54 S. E. 661), there was no satisfactory evidence, independent of the confession, showing the corpus delicti. It is otherwise in the present case, as the character and nature of the wound, the position in which the decedent was lying when his body was found, and the position in which his gun lay in reference to his body, all indicated that he did not shoot himself. And there were strong circumstances, aside from the several confessions made by the accused, tending to show that he wilfully and intentionally shot and killed the decedent. There was evidence that the accused and another met the decedent going hunting. The accused told the other person with him to go on home and he would go hunting with the decedent. The latter had a gun; the accused had none. A short time after this a report of a gun was heard in the direction in which the accused and the decedent went, and about where the latter's dead body was found. When a searching party was being made up, the accused though present would not join it. As already stated, there was evidence that he had for sometime been criminally intimate with the wife of the decedent. These were circumstances independent of the confessions of the accused, which the jury could find were sufficient proof of the corpus delicti, and, considered in connection with the confessions, authorized his conviction.

11. The other grounds of the motion for a new trial, not dealt with in the preceding headnotes, are so clearly without merit that we deem it unnecessary to give them further consideration.

12. The evidence authorized the verdict, and the court did not err in refusing a new trial. *Judgment affirmed. All the Justices concur.*

MARCH 11, 1914. REHEARING DENIED APRIL 14, 1914.

Indictment for murder. Before Judge James B. Park. Jones superior court. December 13, 1913.

*John R. Cooper, Newman & Newman,* and *J. C. Barron,* for plaintiff in error. *T. S. Felder, attorney-general, J. E. Pottle, solicitor-general, F. Holmes Johnson,* and *J. B. Jackson,* contra.