McLEMORE *v.* THE STATE.

No. 10792. NOVEMBER 16, 1935.

*George P. Munro,* for plaintiff in error.

*M. J. Yeomans, attorney-general, A. J. Perryman, solicitor-general, B. D. Murphy* and *J. T. Goree, assistant attorneys-general,* contra.

Russell, Chief Justice. (After stating the foregoing facts.) In all of the Codes of Georgia (1863, § 3716; 1868, § 3740; 1873 and 1882, § 3793; Penal Code of 1910, § 1932; Code of 1933, § 38-411), the rule governing the admissibility of confessions is embodied in the following pungent language: "To make a confession admissible, it must have been made voluntarily, without being induced by another, by the slightest hope of benefit or remotest fear of injury." Our reports are full of adjudicated cases upon the subject of the admissibility of evidence of confessions, and of rulings in particular cases upon the point as to whether the alleged confession under review was or was not voluntary, in the ample sense which the language of our Code implies. To quote the language of Mr. Justice Lumpkin upon this point in *Green* v. *State,* 88 *Ga.* 516, 518 (15 S. E. 10, 30 Am. St. R. 167): "A careful and laborious examination of a large number of text-books and decisions, touching the admissibility of confessions in evidence in criminal cases, shows that the authorities are in considerable conflict, and that it is difficult to draw a precise line between confessions which should be received and those which should be rejected. The tendency of modern judicial opinion is to refuse to admit them when there is any reasonable ground to believe that they were induced by hope or fear. Precisely what words or conduct will constitute such inducement is not easily determined, and differences of opinion concerning the effect and meaning of many expressions, varying in language but more or less similar in import, have given rise to the conflict mentioned. We do not think it would be profitable now to review and discuss these authorities, either with the view of attempting to harmonize them, or of deducing from them a rule which could be applied to all cases. We shall content ourselves, in this case, with announcing our purpose to adhere closely to the plain mandates of our own statute." The writer has heretofore expressed his opin-

ion as to the meaning of the words employed in the statute, "without being induced by another, by the slightest hope of benefit or remotest fear of injury." *King* v. *State,* 155 *Ga.* 707 (118 S. E. 368).; *Lee* v. *State,* 168 *Ga.* 555 (148 S. E. 400). The plaintiff in error in the instant case objected to the evidence of the alleged confession, and moved to exclude it from the jury, "because the evidence of the witness, W. H. Spence, showed that the purported confession was not made by the defendant voluntarily without being induced by another by the slightest hope of benefit or remotest fear of injury, and that the court erred in allowing the said W. H. Spence to give testimony to the jury as set out above in this motion, admitting the purported confession over the appropriate objection of counsel for defendant." This exception raises the question of the admissibility of the alleged confession under the strict provisions of the Code, § 38-411. But in reaching a decision upon this question, it is absolutely necessary to decide a point as to which the counsel in this case are widely at variance, and as to which both have cited authorities.

In establishing whether or not an alleged confession is prima facie admissible, does the burden of proof rest upon the State, or upon the defendant accused of crime? The solicitor-general contends that the burden is upon the accused to show that the alleged confession was not voluntary. In support of this proposition we have had our attention called to *Eberhart* v. *State,* 47 *Ga.* 598, 608. The question now before us was not raised in that case. In the opinion it was said: "It appears from the record that these confessions were offered, and no objection made by the prisoner's counsel to their going in." However, our view of the language of § 38-411 is supported by the remark of the court in finding no error in the admission of the confessions of the defendant; for the court stated: "As his counsel permitted the evidence to go in without objection, we must take it for granted that they preferred not to insist . . We incline to think that, if objected to, it would have been the duty of *the State* to show the circumstances under which they were made, that the court might see if they were voluntary." In *Adams* v. *State,* 129 *Ga.* 248, 251 (58 S. E. 822, 17 L. R. A. (N. S.) 468, 12 Ann. Cas. 158), a verdict of guilty of murder was reversed upon the ground that sworn statements before the coroner's jury em-

paneled to investigate the cause of the death of the deceased were admitted as confessions upon a subsequent trial under an indictment charging them with murder. In that case Mr. Justice Lumpkin said: "Before a confession is admissible in evidence, it must appear prima facie that it was freely and voluntarily made. If the contrary appears, it is inadmissible. If the evidence for the State makes out a prima facie case for the admission of such a confession, the court is not bound, before admitting it, to hear evidence on behalf of the accused, tending to show coercion or improper inducement in its procurement. If the evidence for the State shows the confession to be admissible, it will be admitted. If the defendant desires to introduce evidence to show that there was improper inducement which caused the confession to be made, he can do so, and it will then be for the jury to determine, under all the evidence, whether or not the confession was free and voluntary. *Irby* v. *State,* 95 *Ga.* 467; *Dawson* v. *State,* 59 *Ga.* 333; *Smith* v. *State,* 68 *Ga.* 627." Mr. Justice Lumpkin said further: "In the *Eberhart* case [supra] one ground of the motion for a new trial was, because the court erred in allowing the confessions of the defendant and of one Spann to go to the jury without preliminary examination, and without proof that they were freely and voluntarily made. In a note to this ground the court stated, that, during the examination of the same witness on the trial of Spann, on the preceding day, in regard to the same confessions, he had thoroughly examined the witnesses as to the character of such confessions, and had fully satisfied himself that they were freely and voluntarily made, without the slightest hope of benefit or the remotest fear of injury; that during the trial of the prisoner no objection was made by counsel on this ground, and the attention of the court was not called to the fact. In the opinion the failure to object was emphasized. It was said that 'We incline to think that, if objected to, it would have been the duty of the State to show the circumstances under which they were made, that the court might see if they were voluntary. . . If they are given in and not objected to, it is too late after verdict to say that there was not a sufficient inquiry into the circumstances.' The language of the seventh headnote is too broad, standing alone. It must be construed in the light of the question before the court."

The section of the Code of Georgia upon the subject requires

that a confession must be absolutely voluntary. Upon this subject Prof. Wigmore in his work on Evidence, vol. 2, p. 173, § 843, says: "Principle of Voluntariness: (1) Common Form. The common form, in the present application, consists in taking the phrase 'voluntary,' considering it without any reference to promises or threats, and erecting it into an absolute and final test—in short, in translating it as 'spontaneous.' The notion is a broad one, and is in effect: Was the situation such that the person *had* to speak, felt obliged to speak, or was it a matter of pure choice with him to speak or not? The radical difference here, it will be observed, is that we no longer care whether his speaking involves a false avowal of guilt; the thing is that a speaking not voluntary can not be received, and hence the speaking is excluded irrespective of the danger of falsity. If, then, we take the phrase 'voluntary' and treat it as the final and self-sufficient test, and if thus we discard the fundamental theory of confessions (ante, § 822)—that our object is to exclude those which may be false—and conceive our purpose as that of excluding confessions as such (even though true) unless they are 'voluntary,' we thus have good reason to consider how far under such a canon the fact of arrest or of presence before a magistrate or of examination on oath may prevent the confession from being in the above sense 'voluntary;' for it may at least be argued that either of these circumstances may in a given case make the confession practically compulsory." According to Wigmore, there is a second principle of voluntariness denominated as the modern English form, which need not be discussed, since the principle is controlled in this State by express statute. Wigmore says, however, that "The notion is fundamentally the same, i. e., was the situation such that the person *had* to speak? But it proceeds by a different test, namely, was the speaking obtained by asking questions of a person while in custody? In other words, statements are deemed not voluntary and therefore inadmissible when they have been made in answer to questions put while in custody. Moreover, it thus becomes immaterial whether the answers amount to a confession or not." Since the burden rests upon the State in every criminal case to prove every material allegation in the indictment, if the State in a particular case relies upon a confession to establish the allegations of the indictment in toto, it must logically and legally follow that the alleged confession should be

affirmatively shown to have been made without the slightest hope of benefit or remotest fear of injury, before the State has succeeded in making such "a prima facie case" as will establish that the confession was free from extraneous inducement. As said by Chief Justice Bleckley in *Irby* v. *State,* 95 *Ga.* 467 (2) (20 S. E. 218) : "Before admitting a confession in evidence, the presiding judge should see to it that the confession was made freely and voluntarily; but where it affirmatively appears by the witness who heard the confession, that he held out no inducement and did nothing to excite either hope or fear and knew of nothing done by others to induce the confession, it is prima facie admissible."

In other words, the court may submit to the jury a confession affirmatively shown to be prima facie admissible; but where the evidence on behalf of the State fails to show that there was no inducement offered the prisoner, or leaves that question in doubt, the State has failed to make a prima facie case, by that witness at least, and his testimony should be withdrawn from the jury. Even where the State establishes a prima facie case of admissibility, as well as in a case where there is conflict of evidence as to whether the confession was freely and voluntarily made, the judge in submitting the case is required to charge the jury the substance of § 38-411, as well as of § 38-420, as follows: "All admissions shall be scanned with care, and confessions of guilt shall be received with great caution. A confession alone, uncorroborated by any other evidence, shall not justify a conviction." The State's witness in this case testified, as to the circumstances attending the making of the purported confession: ".Well, I don't know that we used the words, 'it would be better for him to go on and tell the truth.' I don't recall whether we did or not. I don't say we did not, but he wasn't afraid. I might have said it would be better for him to make a confession. I wouldn't say I did or did not. I might have told him it would be better to tell the whole story, to come clean. . . I told him it would be better for him just to make a full disclosure." The statement of the accused contained in the testimony of the witness to whose evidence objection was offered was made in the jail of Muscogee County, and, as testified by this witness: "At the time he made the statement Mr. H. M. Adair, city detective, Sheriff C. C. Layfield, of Muscogee County, Mr. Reese, and Mr.

Cummings, the assistant jailor, were all present." The accused was not accompanied by counsel or a single friend or relative. The statement of the accused under these circumstances, and considering the nature of the crime of which he was charged—the rape of a married white woman, the mother of three children, raises the question whether the accused must have been influenced by fear of injury as well as hope of benefit.

So we are of the opinion that the court erred in refusing to withdraw the testimony of the alleged confession from the jury, because the evidence did not establish a prima facie case of its admissibility as a voluntary confession obtained without "the slightest hope of benefit or remotest fear of injury," and we the more readily concur in this view when we consider the record as to the time, place, circumstances, and official surroundings of the defendant at the time the alleged statements were made. For the latter would seem at least to leave a reasonable mind in doubt as to whether the statement was not more or less induced by these influences. The present case is distinguished from *Hicks* v. *State,* 178 *Ga.* 561 (173 S. E. 395), where it was held that the confession was not inadmissible because it appeared to have been made in response to a statement to the prisoner that it would be better for him to tell the truth. The decision in that case may or may not be in accord with the ruling made in *Green* v. *State,* supra. It is unnecessary at the present time to determine any question of conflict between these two decisions. For the present purpose it is sufficient to say that in the case at bar the witness to whom the alleged confession was made testified that he "might have said it would be better for him to make a *confession.*" There is a material difference between a statement to a prisoner that it would be better for him to tell the *truth,* and one wherein he is told that it would be better for him to make a *confession.* The court erred in overruling the motion for a new trial.

*Judgment reversed.   All the Justices concur.*