## GARRETT *v.* THE STATE.

No. 16150.   APRIL 14, 1948.   REHEARING DENIED, MAY 14, JUNE 16, 1948.

*Haralson & Carr* and *Joseph G. Collins*, for plaintiff in error.

*Eugene Cook, Attorney-General, John E. Frankum, Solicitor-General, Edward E. Dorsey, Assistant Attorney-General, Mary B. Rogers, Jeff C. Wayne,* and *G. W. Franks,* contra.

CANDLER, Justice. (After stating the foregoing facts.) ■ Special ground one complains because the court admitted the alleged written confession in evidence, over the objection of the movant, when offered, and then at the conclusion of the evidence refused on motion of the movant to exclude it, because the evidence failed to establish that it was made voluntarily and was made without being induced by another, by the slightest hope of benefit or the remotest fear of injury.

Counsel for the plaintiff in error, both in his argument before this court, and in his brief, earnestly contends that a confession, to be admissible as evidence, must have been made voluntarily, and that it is not a voluntary confession unless made spontaneously, and from the accused's own starting and initiative; and that the evidence failed to show that the alleged confession came up to the standard fixed by our law, and should have been excluded. We have therefore attempted to set out fully in our statement of facts all of the evidence dealing with the circum-

stances under which the confession was obtained, and will only refer briefly to such evidence in this division of the opinion.

Since our first Code (1863, § 3716), the rule governing the admissibility of confessions as evidence in criminal cases has been stated in the following language: "To make a confession admissible, it must have been made voluntarily, without being induced by another, by the slightest hope of benefit or the remotest fear of injury." Code, § 38-411.

On the subject of admissibility of confessions as evidence, and on rulings in particular cases upon the question as to whether the alleged confession under review was or was not voluntary under the language of the above statute, our reports are full of adjudicated cases. We deem it unnecessary to attempt to distinguish any of these numerous decisions other than those specifically relied upon by the plaintiff in error. On the general subject of admissibility of confessions as evidence, the authorities have been so well correlated and the rule so well stated in *Bryant* v. *State*, 191 *Ga.* 686, 710 (13 S. E. 2d, 820), that we take the privilege of quoting at length therefrom: "Before a confession or incriminating statement is admissible in evidence, a prima facie showing as to its voluntary character must be made; and if this preliminary proof fails to make such a showing, the confession or statement must be excluded (*McLemore* v. *State*, 181 *Ga.* 462, 182 S. E. 618, 102 A. L. R. 634, 643, notes; 38 A. L. R. 120); . . after such proper preliminary proof the confession or statement becomes admissible, but the defendant may by evidence attack its voluntary character, and in that event the question as to voluntariness is for the jury (*Bradberry* v. *State*, 170 *Ga.* 859 (4), 865, 866, 154 S. E. 344; *Price* v. *State*, 114 *Ga.* 855 (3, 4), 40 S. E. 1015; *Carr* v. *State*, 84 *Ga.* 250, 255, 10 S. E. 626; *Thomas* v. *State*, 84 *Ga.* 613 (3, 5), 619, 10 S. E. 1016; *Irby* v. *State*, 95 Ga. 467 (2), 20 S. E. 218; *Claybourn* v. *State*, 190 *Ga.* 861, 866, 11 S. E. 2d, 23); . . where the voluntary character of a confession is made to appear by unequivocal evidence, the mere existence of attendant facts and circumstances, as shown on cross-examination of the witnesses, which do not directly or necessarily dispute the prima facie showing, will not require exclusion of the confession from evidence, but the question as to its voluntary

character should properly be left to the jury (*Cantrell* v. *State,* 141 *Ga.* 98 (4), 80 S. E. 649; *Bradberry* v. *State,* supra); and . . ordinarily the question as to whether confessions and incriminatory statements, unexceptionable in themselves, were made under previous undue influences still operating on the mind of a defendant, is not a question of law for the court, to be resolved by excluding such evidence, but is a question of fact for the jury. *Pines* v. *State,* 21 *Ga.* 227; *Valentine* v. *State,* 77 *Ga.* 470 (3), 480; *Milner* v. *State,* 124 *Ga.* 86 (52 S. E. 302); *Jackson* v. *State,* 172 *Ga.* 575 (2, a, b), 587 (158 S. E. 289)."

Quoting further from this same opinion, at page 714, the court said: "However, the exercise of a sound discretion by the court in admitting a confession, after a prima facie showing of its voluntary character, is not precluded by testimony as to additional facts, merely that the accused was in custody or under arrest at the time the confession was made (*Hilburn* v. *State,* 121 *Ga.* 344, 49 S. E. 318); or because the confession was 'made at night, in the woods, while the accused was handcuffed, and in the presence of a deputy sheriff and a detective, and while being transferred from one jail to another at the instance of his father' (*Simmons* v. *State,* 181 *Ga.* 761 (4, 5), 764, 765, 184 S. E. 291; *Wilburn* v. *State,* 141 *Ga.* 510 (5, a), 81 S. E. 444); or by the fact that in questioning the accused the officers may have told him that 'he was lying and that they knew of his guilt,' and he may have been 'carried from place to place without authority of law, and . . for some days he saw neither relatives nor an attorney' (*Claybourn* v. *State,* supra); or that the accused was persistently questioned without the privilege of counsel. *Douberly* v. *State,* 184 *Ga.* 573 (2), 192 S. E. 223; 22 C. J. S. 1434, § 817. In all such cases the mere existence of one or more of those facts will not divest the trial court of discretion to admit the confession or incriminatory statement in evidence, and submit to the jury the question as to whether it was voluntary, unless the circumstances were so unusual that they must be said to show as a matter of law that such confession or statement was not voluntary."

With these well-recognized rules of law in mind, and as applied to the facts in the present case, how stands the position of the plaintiff in error? We have the unequivocal evidence from J. T.

McKibben, the officer who obtained the confession, and ᴄ.W. Kaiser, the witnessing notary public, that it was made voluntarily, and without being induced by either threats or promises. Had it been made to appear by cross-examination, or otherwise, that the conclusions on the part of these witnesses were not sustained by the actual facts, and that the alleged confession was made under circumstances not in accordance with the strict standard fixed by our law, then we would, of course, have no hesitancy in reversing the judgment of the trial court in refusing to exclude it as evidence. But such is not the case here. The confession became admissible as evidence upon the prima facie showing that it was made voluntarily, and it cannot be said that the subsequent testimony of either of these witnesses was sufficient to overcome or rebut this prima facie showing, or that the circumstances were otherwise so unusual as to require the court to hold, as a matter of law, that it was not made voluntarily, and to take it from the jury's consideration.

In support of his contention, counsel for the plaintiff in error, cites and relies upon the cases of *Green* v. *State*, 88 *Ga.* 516 (15 S. E. 10, 30 Am. St. R. 167), *King* v. *State*, 155 *Ga.* 707 (118 S. E. 368), *Lee* v. *State*, 168 *Ga.* 554 (148 S. E. 400), *McLemore* v. *State*, supra, and *Coker* v. *State*, 199 *Ga.* 20 (33 S. E. 2d, 171). The trial court in each of these cases was reversed for the reason that the evidence was sufficient to show, as a matter of law, that the alleged confession under review was not freely and voluntarily made, and that it was induced by either hope of benefit or fear of injury, or obtained under such circumstances as would at least create a grave doubt as to its having been made voluntarily, as in the *McLemore* case. The facts in each of these cases are clearly distinguishable from those in the present case and do not require a ruling different from that here made. The three Federal cases cited by the plaintiff in error, viz: Ashcraft *v.* Tennessee, 322 U. S. 143 (64 Sup. Ct. 921, 88 L. ed. 1192); Wan *v.* United States, 266 U. S. 1 (45 Sup. Ct. 1, 69 L. ed. 131), and Bram *v.* United States, 168 U. S. 532 (18 Sup. Ct. 183, 42 L. ed. 568), in which the court held the facts sufficient, as a matter of law, to show that the alleged confession was not freely and voluntarily made, are clearly distinguishable from the present case.

The trial court, therefore, did not err in leaving it to the jury to determine whether or not the alleged confession was freely and voluntarily made, and there is no merit in this ground of the motion.

■ The Code, § 38-415, provides: "In all criminal trials, the prisoner shall have the right to make to the court and jury such statement in the case as he may deem proper in his defense. It shall not be under oath, and shall have such force only as the jury may think right to give it. They may believe it in preference to the sworn testimony in the case. The prisoner shall not be compelled to answer any questions on cross-examination, should he think proper to decline to answer." The court gave the following instruction to the jury, relative to the defendant's statement, about which complaint is here made: "Now, the defendants are allowed to make to the court and jury just such statement in their own behalf as they see fit; they are not under oath, not subject to cross-examination, and you are authorized to give to their statement just such weight and credit as you think them entitled to receive; you may believe them in whole or in part, and you may believe them in preference to the sworn testimony in the case." It is contended in the second ground of the motion for new trial that such instruction failed to charge the law as embodied in the above Code section, either in substance or form, and that the court, by the language used, made the positive right of the defendant to make a statement appear as a favor, permission, or matter of grace on the part of the court, whereas the defendant's rights are affirmative and positive under the specific language of the statute, and should be so charged to the jury. While the charge as given is not in the exact language of the Code, § 38-415, and while it is always better to charge in that language (*Hatcher* v. *State,* 176 *Ga.* 454, 463, 168 S. E. 278; *Emmett* v. *State,* 195 *Ga.* 517, 541, 25 S. E. 2d, 9), still there was no such variance from the statute as will require a reversal of the judgment, refusing a new trial, for the reasons assigned. In *Millen* v. *State,* 175 *Ga.* 283 (3) (165 S. E. 226), in charging upon the defendant's statement, the court used language very similar to that employed in the present case, except there the court charged that "the defendant is entitled to

make a statement in his own behalf." As against an attack similar to that here made, the court held that, while it was preferable to confine the instruction to the jury to the language of the statute, still the instruction as used would not, for the reasons assigned, require a reversal of the judgment. See also *Dowdell v. State,* 194 *Ga.* 578 (22 S. E. 2d, 310).

■ In special ground three, it is urged that a new trial should be granted because the court failed to charge, without request, the principle of law embodied in the Code, § 38-414, which is as follows: "The confession of one joint offender or conspirator, made after the enterprise is ended, shall be admissible only against himself." It is contended that a failure to charge this principle of law, without request, was calculated to cause the jury to weigh all that was said in the other defendant's alleged confession against this plaintiff in error, even though both alleged confessions were made several days after the enterprise was over. This ground of the motion is also without merit. Both defendants made plenary confessions of guilt of the offense charged in the joint indictment. They were fully corroborated. We have held in the first division of this opinion that the confession of this plaintiff in error was properly admitted in evidence, over the sole objection that it was not freely and voluntarily made. As we have previously pointed out, both of the confessions were made several days after the homicide and under substantially the same circumstances. As they related to the actual slaying of Mr. Maney, they were in substance identical. Each fully admitted his own actual participation in the homicide and implicated the other. In any material respect they differed only in this: Each blamed the other for having suggested the criminal enterprise. Concerning this, Garrett said: "Before we left Jewel's [Eller's] house, he asked me to go over to Mr. Maney's with him to see about cutting some wood, and he told me that after we got over to his house he would kill him. Jewel didn't say anything about robbing him at this time." Eller said: "After we got in my house, Charley [Garrett] told me he had a trip for me. I asked him what it was, and he told me he wanted me to go with him over to 'Milt' Maney's to kill him and take his money; that he had to have some money. I asked

Charley what he wanted to do that for, and told him that the old man had never done nothing to me. Charley told me it didn't make any difference whether I went with him or not, but said that he was going over and kill him anyway, and said that he would lay it on me. I told him that if that was the way he was going to do that I would just go on with him." Neither defendant, in his statement to the jury, denied the truth of either confession, but each contended that it was made under compulsion. Each defendant stated to the jury: "So far as being guilty, I am not." There was no objection on the trial that either confession was hearsay as to the other. In these circumstances it is inconceivable to think that the jury may have imputed to the plaintiff in error, from his codefendant's confession, any greater degree of responsibility for the commission of the offense charged than he himself admitted by his own confession, and for this reason this ground of the motion shows no injury to the plaintiff in error, and is therefore without merit.

■ In special ground four, error is assigned on the following charge: "Now, in order for the hope of benefit or fear of injury, if any, to render a confession, if any, inadmissible, such hope or fear must be induced by another. If you find that there was hope or fear, but if you find such hope or fear originated in the party's own mind, from seeds of his own planting, and under the influence of hope or fear so originated, the defendant made a confession, this will not exclude the confession, if any, in evidence. The hope or fear that excludes is that, and that only, which some other person kindles or excites." The movant contends that this charge was erroneous because it is argumentative, intimates and expresses an opinion of the court that if there was any hope or fear it was self-generated, prejudicial, contrary to law, and improper because it excludes or minimizes the environment and surrounding circumstances as themselves creating or inducing the hope of benefit or fear of injury.

There is no merit in this ground of the motion. The Code, § 38-311, declares that, "To make a confession admissible, it must have been made voluntarily, without being induced by another, by the slightest hope of benefit or remotest fear of injury." This section of the Code had already been given in the charge,

and the excerpt here complained of merely elaborated or explained the section as it related to hope or fear, and was in the abstract a correct statement of the law. A similar charge was approved, over substantially the same objections, in *Edmonds* v. *State*, 201 *Ga.* 108, 123 (39 S. E. 2d, 24). See also *Hill* v. *State*, 148 *Ga.* 521 (4) (97 S. E. 442). The charge was not erroneous for any of the several reasons assigned.

■ Error is assigned in the fifth special ground, because the court ruled that Ross Loyd, a member of the jury which returned the verdict, was not disqualified, because of relationship, to serve as a juror in the case. In support of the contention that Loyd was related by affinity to the deceased, within the prohibited degree, the movant introduced affidavits showing that the wife of the deceased and the wife of the juror were great-granddaughters of an unnamed common ancestor, and therefore related in the sixth degree by consanguinity. It is contended in the brief for the plaintiff in error that the act of 1935 (Ga. L. 1935, p. 396, Code, Ann. Supp., § 59-716), "makes relationship by affinity the same as relationship by consanguinity, and that relatives by marriage are coextensive and as wide with relatives by marriage as relatives by blood are to relatives by blood;" and it is insisted that *Central R. & Bkg. Co.* v. *Roberts*, 91 *Ga.* 513 (18 S. E. 315), and any other decisions rendered both before and after the passage of this act which hold contrary to this view, should be reviewed and overruled. As to this ground of the amended motion, the State made a counter-showing and, in support of its contention that the juror Loyd was not disqualified because of relationship to the deceased, was permitted to introduce in evidence an affidavit by T. A. Garrett over the objection shown in our statement of facts. The objection to the admissibility of the affidavit is without merit, since the affiant stated in his affidavit that he was a grandson of Mariah Eller, who plaintiff in error contends was a sister of Elisha Hedden, the grandfather of the juror's wife. Being a member of the family, he was a competent witness under the Code, § 38-303, to testify as to relationship between his grandmother and the juror's wife. The affidavits introduced by the movant (now plaintiff in error) and the affidavit introduced by the State were in conflict and made an issue of

fact to be determined by the trial judge as the exclusive trior; and since the affidavit of the deponent authorized a finding that no relationship existed between the juror and the deceased, this court will not interfere with the ruling of the judge. *Buchanan v. State,* 118 *Ga.* 751 (9) (45 S. E. 607) ; *Johnston-Crews Co.* v. *Smith,* 161 *Ga.* 382 (4), (131 S. E. 65) ; *Smith* v. *Tindol,* 179 *Ga.* 801 (4) (177 S. E. 588).

■ Moreover, had the relationship as contended by the movant existed, it would not be such as to disqualify the juror. The act of 1935 did not change the definition of relationship by affinity or consanguinity, but merely prescribed the method of computation and the degree of relationship that would disqualify a juror. Prior to the passage of the act, this court had ruled that relationship within the ninth degree, computed according to the civil law, disqualified a juror. *Crawley* v. *State,* 151 *Ga.* 818 (108 S. E. 238, 18 A. L. R. 368). But, under the act of 1935, the disqualifying degree, computed according to the civil law, was fixed at the sixth degree. This act in no way changed the rule for determining the extent of relationship as between husband and wife as laid down by Chief Justice Bleckley in *Central R. & Bkg. Co.* v. *Roberts,* supra, and the request to review and overrule that decision is denied. The rule as there laid down in rhyme is as follows:

"The groom and bride each comes within
The circle of the other's kin;
But kin and kin are still no more
Related than they were before."

Or as the rule may be stated in another way: A husband is related by affinity to the blood relatives of his wife, but as a consequence of marriage he is not related in any way to those persons to whom his wife is related only by affinity. *Lee* v. *Jones,* 161 *Ga.* 829 (132 S. E. 79). Thus, in the present case, as the plaintiff in error contends, the wife of the deceased would be related in the sixth degree by consanguinity to the wife of the juror Loyd; and the deceased would be related in the same degree by affinity to her; but, as we have pointed out, there would be no relationship whatsoever between the deceased and the juror. *Baldwin* v. *State,* 120 *Ga.* 188 (47 S. E. 558) ; *Wilburn* v. *State,* 141 *Ga.* 510 (81 S. E. 444).

■

It is, therefore, apparent that in the present case there was no disqualification of the juror because of relationship, and this ground of the motion presents no reason for the grant of a new trial.

■ The evidence was amply sufficient to authorize the verdict, and the general grounds of the motion are without merit.

*Judgment affirmed. All the Justices concur.*