## 32647. LEMON v. THE STATE.

DECIDED FEBRUARY 10, 1950.

*Wilbur B. Nall, Alton T. Milam,* for plaintiff in error.

*Paul Webb, Solicitor-General, Frank French, William Hall,* contra.

MacIntyre, P. J. 1. As a general rule all evidence is admitted as of course, unless a valid ground of objection is interposed, and the burden is on the objecting party to state at the time some specific reason why it should not be admitted. *Andrews* v. *State,* 118 *Ga.* 1 (43 S. E. 852). This is not the rule, however, with regard to the admission of incriminatory statements or confessions. Code § 38-411 provides that "To make a confession admissible, it must have been made voluntarily, without being induced by another, by the slightest hope of benefit or remotest fear of injury." To further demonstrate that confessions and incriminatory admissions are regarded in a different light from other ordinary evidence, our statutes go further and provide: "All admissions shall be scanned with care, and confession of guilt shall be received with great caution." Code, § 38-420. "Before a confession or incriminating statement is admissible in evidence, a prima facie showing as to its voluntary character must be made; and if this preliminary proof fails to make such a showing, the confession or statement must be excluded. *McLemore* v. *State,* 181 *Ga.* 462, 469 (182 S. E. 618, 102 A.L.R. 634)." *Bryant* v. *State,* 191 *Ga.* 686, 710 (13 S. E. 2d, 820). "Since the burden rests upon the State in every criminal case to prove every material allegation in the indictment, if the State

in a particular case relies upon a confession to establish the allegations of the indictment in toto, it must logically and legally follow that the alleged confession should be affirmatively shown to have been made without the slightest hope of benefit or remotest fear of injury, before the State has succeeded in making such a 'prima facie case' as will establish that the confession was free from extraneous inducement." *McLemore* v. *State*, 181 *Ga*. 462.

It, therefore, seems to us that, where, upon the preliminary examination by the court, to determine whether the confession is prima facie admissible, a witness merely testified, "Any statement that he [the defendant] might have made was freely and voluntarily made," and the court admitted the confession or incriminatory statement of the defendant in the face of and over the objection of counsel for the defendant, that this statement by the witness as to the voluntariness of the confession or incriminatory statement was a conclusion of the witness, the court erred in admitting the confession or incriminatory statement. This statement by the witness, that the confession was freely and voluntarily made, was a conclusion of the witness, and before admitting the confession, the court should have required the State to show the circumstances surrounding the making of the confession or incriminatory statement before admitting it, over objection.

With this conclusion of the witness excluded, the State failed to make a prima facie showing of the voluntariness of the confession or incriminatory statement prior to its admission in evidence, as under these circumstances there was no proper foundation laid for the introduction of the confession. It is not permissible, over objection, to allow a witness to state such an inference drawn from "collective facts" or to state in a "shorthand" way that a confession was freely and voluntarily made, without stating the circumstances under which it was made, for to do so would not only be to allow the statement of a condition but a substitution of the witness's opinion for the judgment of the court. Whether or not the confession has been freely and voluntarily made is a question which, at this stage of the proceedings, must be determined by the court, and how may it do so unless it knows of the circumstances under which it was made. Of course, if the defendant did not object to the intro-

duction of the confession or incriminatory admission that would be entirely another matter. To render an alleged confession admissible as such it must be made affirmatively to appear that the inculpatory statement was not induced by the slightest hope of benefit or the remotest fear of injury, and if a prima facie case of admissibility is sought to be improperly established, but no proper objections are made to its sufficiency at the trial, the right to object will be presumed to have been waived, but where timely objection or motion is made to exclude such testimony which at best still leaves in doubt whether statements were made which may have induced the confession or inculpatory statement, it is error not to reject such testimony of the confession or inculpatory statement; and until it affirmatively appears from the testimony, without question, that the proposed confession was freely and voluntarily made, without extraneous inducement, the statement alleged to have been a confession or inculpatory statement must be excluded. *McLemore* v. *State,* supra; *Bryant* v. *State,* supra; *Sconyers* v. *State,* 67 *Ga. App.* 902, 904 (21 S. E. 2d, 504); *Coker* v. *State,* 199 *Ga.* 20, 23 (33 S. E. 2d, 171); *Garrett* v. *State,* 203 *Ga.* 756, 762 (48 S. E. 2d, 377); *Jordan* v. *State,* 77 *Ga. App.* 657 (48 S. E. 2d, 756).

If in the preliminary examination to establish the admissibility of the confession or inculpatory statement, the witness had been asked, "Have you had a talk with the defendant as to whether he committed the crime charged in the indictment?" and the answer had been in the affirmative; and the witness was further questioned, "Before the defendant said anything to you, or others present, about the commission of the crime, did you, or anyone else present, do or say anything to make him say anything about the commission of the crime?" and the answer had been in the negative; and the witness had been asked, "Did you, or anyone else present, do or say anything to excite the slightest hope of benefit or the remotest fear of injury?" and the answer had been in the negative, this would have been one way, not necessarilly the only way, of establishing a prima facie showing of the voluntariness of the confession or incriminatory statement, and would have laid a sufficient predicate or foundation for admitting the confession or incriminatory statement in evidence, nothing more appearing. Of course, the defendant should be allowed to cross-

examine the State's witness and the cross-examination might show otherwise. However, on the preliminary examination by the court as to whether the confession is prima facie admissible, the court, before admitting it, is not bound to hear evidence offered by the defendant which might show that it was not voluntary. *Irby* v. *State,* 95 *Ga.* 467 (20 S. E. 218). Such evidence, however, may afterwards be adduced to the jury and it would be for them to determine, under the evidence submitted and a proper charge of the court, whether or not the confession was made voluntarily without being induced by the slightest hope of benefit or the remotest fear of injury. *Irby* v. *State,* supra.

However, if the "circumstances were so unusual that they must be said to show as a matter of law that such confession or statement was not voluntary," whether this appear upon the preliminary examination by the judge or should only appear thereafter in the trial before the jury, the confession should be excluded. *Bryant* v. *State,* supra (p. 714).

This case must be remanded for another trial on which the evidence may not be the same as on this trial, and for that reason the general grounds and the other special grounds of the motion for a new trial need not be determined at this time.

*Judgment reversed. Gardner and Townsend, JJ., concur.*