## 20374. HILL *v.* THE STATE.

ARGUED FEBRUARY 9, 1959—DECIDED MARCH 6, 1959.

*Colquitt Odom, Jones & Lee, P. Walter Jones,* for plaintiff in error.

*Maston O'Neal, Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson, Deputy Assistant Attorney-General,* contra.

ALMAND, Justice. Frank Junior Hill, under an indictment charging him with the murder of Gussie Porter, by beating her to death with an oak pick handle, was found guilty without a recommendation of mercy, and was sentenced to death by electrocution. His amended motion for a new trial on the general

and five special grounds was denied, and he now seeks a review of this judgment.

■ Special ground one complains that the testimony of Officer J. E. Friend "was illegally admitted to the jury, without the court first qualifying the confession revealed by the evidence as having been properly obtained." Officer Friend testified that "He [the defendant] came into the police station. And I talked to him and asked him what had happened, and after talking probably 10 or 15 minutes he stated that they [the defendant and the deceased] had had an argument that morning that he had hit her with a stick—that he hadn't cut her—that he had hit her with a stick. So I told him I wanted him to go back to the house and find the stick. Yes, we went together. We went to the house and he looked around a little while and I told him, 'We're going to have to have it,' and finally he said, 'I hid it back of the refrigerator.' He said he had hidden the stick in the rear of the refrigerator, between the refrigerator and the coils, where you couldn't see it. We finally shook it around and pulled the stick out."

While no objection was made to the evidence complained of at the time of its admission by the court, it is contended that it was incumbent upon the court to qualify, by special inquiry into the circumstances, said "confession" as having been voluntarily made without the slightest hope of reward or the remotest fear of injury, and that failure to do so, even without objection, was reversible error. We do not agree with this contention. In *Alford* v. *State*, 137 *Ga.* 458 (4) (73 S. E. 375), it was held that: "Confessions are legal evidence. Unless the circumstances under which they were made show they were not voluntary, they are admissible. If they are given in and not objected to, it is too late after the verdict to say that there was not sufficient inquiry into the circumstances." In *Eberhart* v. *State*, 47 *Ga.* 598, 609, which is cited as controlling authority in the *Alford* case, supra, it is stated in division 7 at page 608: "It appears from the record that these confessions were offered and no objection made by the prisoner's counsel to their going in. We incline to think that, *if objected to*, it would have been the duty of the State to show the circumstances under which they were made, that the Court

might see if they were voluntary. But confessions are not illegal evidence, standing alone. . . It is the right of the prisoner to object to their coming in, unless the circumstances under which they were made also come in; but if he or his counsel fail to object, and the confessions go to the jury without any *special* inquiry as to the circumstances, he is not entitled to a new trial." (Italics ours.)

In the present case, as in the *Eberhart* case, supra, the witness apparently related all that took place at the time the alleged "confession" or incriminatory statements were made. Officer Friend's testimony does *not* show that the statements made by the defendant were *not* voluntarily made. In fact, it affirmatively appears from his testimony that the defendant voluntarily came to the police station and in answer to the officer's inquiry as to what had happened, talked a few minutes and then admitted that he had hit the deceased with a stick; and, shortly thereafter, accompanied the officer to the scene of the homicide and pointed out where he had hidden said stick. Under these circumstances, the court did not err in admitting into evidence the incriminatory statements complained of without special inquiry into the nature of their procurement, in the absence of a timely objection thereto. We have examined the cases of *Irby* v. *State,* 95 *Ga.* 467(2) (20 S. E. 218); *McLemore* v. *State,* 181 *Ga.* 462 (182 S. E. 618, 102 A.L.R. 634); and *Bryant* v. *State,* 191 *Ga.* 686 (13 S. E. 2d 820, cited by the defendant in support of his contention, and find that nothing held in this opinion conflicts with the rulings in those cases. There is no merit to this ground of the amended motion.

■ Special ground two assigns error on: (a) the admission in evidence of testimony constituting a dying declaration of the deceased, that the defendant had beaten her, without testimony that the deceased was conscious of her condition and aware that she was in the article of death; and (b) the court's failure to charge the proper law on the probative value of such dying declaration. The first assignment of error in this ground does not present any question for determination by this court, for it does not show that any objection was made to the evidence at the time it was offered or that any motion was made thereafter to exclude it. *Savage* v. *State,* 209 *Ga.* 374(1) (72 S. E. 2d 715);

*Morris* v. *State,* 200 *Ga.* 471(1) (37 S. E. 2d 345). The failure to instruct the jury on the law relating to dying declarations was not error in the absence of a timely request to charge. *Mitchell* v. *State,* 183 *Ga.* 217(1) (188 S. E. 3); *Allen* v. *State,* 187 *Ga.* 178(7) (200 S. E. 109, 120 A.L.R. 495); *Murray* v. *State,* 214 *Ga.* 350(2) (104 S. E. 2d 905). There is no merit to this ground of the amended motion.

■ Ground three complains that the court erred in failing to charge on circumstantial evidence. It is not alleged in this ground that any request was made to give this principle of law in charge. The admission on the part of the defendant that he had beaten the deceased was direct evidence (*Dumas* v. *State,* 62 *Ga.* 58(3); *Hargroves* v. *State,* 179 *Ga.* 722(4), 177 S. E. 561; *Downs* v. *State,* 208 *Ga.* 619(4), 68 S. E. 2d 568); and it is not error to fail to charge the law of circumstantial evidence in the absence of a request when there is direct evidence in the case. *Ramsey* v. *State,* 212 *Ga.* 381(2) (92 S. E. 2d 866).

Ground four assigns error on the admission in evidence of the "typewritten statement of the alleged confession" of the defendant, since the "only identifying mark on said statement was the mark supposedly made by the defendant." This ground of the motion is not in proper form and is incomplete and insufficient to raise any question for decision by this court, for it neither sets out in the ground, nor points out from the record, the statement complained of (*Maxwell* v. *Hollis,* 214 *Ga.* 358(1), 104 S. E. 2d 893), and we have been unable to find such statement in the record of this case. Assuming that such statement was admitted in evidence, it does not appear that any objection was made thereto.

Ground five complains that "The charge of the court in regard to mutual combat and justifiable homicide was not sufficient to substantially cover the law pertaining to each element of homicide, and the court should have elaborated more fully to properly acquaint the jury with the law of this State as it applied to the circumstances in this case." Those parts of the charge complained of not being stated in the ground nor pointed out from the record, and it not being shown in what manner they were insufficient, nor wherein the defendant was harmed thereby, this

ground of the amended motion is too vague, general, and indefinite to present any question for decision. *Page* v. *Brown*, 192 *Ga.* 398(5) (15 S. E. 2d 506); *Frazier* v. *State*, 194 *Ga.* 657(3) (22 S. E. 2d 404); *Cornelious* v. *State*, 193 *Ga.* 25(4) (17 S. E. 2d 156).

■ The evidence shows that the deceased died as the result of a head injury, admittedly intentionally inflicted by the defendant, and fully supports the verdict.

*Judgment affirmed. All the Justices concur.*