## 36025. McLENDON *v*. THE STATE.

Decided February 7, 1956.

*A. C. Felton III,* for plaintiff in error.

*William T. Roberts, Solicitor,* contra.

GARDNER, P. J. 1. Since the case is to be reversed on the special grounds we will not discuss the evidence.

2. Special ground 1 reads as follows: "During the trial of said case, while W. T. Jolly, sheriff, was being examined on direct examination by Wm. T. Roberts, solicitor, the following transpired: Q. Did the defendant in this case make any statement to you at the time that you accosted him out there? A. Yes, sir. Q. Did he make it freely and voluntarily? A. By attorney Felton for the defendant: I object to that as calling for a bald faced conclusion from this witness. Solicitor: May it please the Court, I am asking these questions laying the ground work for a confession. The Court: If you have any cross-examination of this witness you can bring out whether it was free and voluntary which is certainly within the breast of this witness as to whether it was. It is not a conclusion. Attorney Felton: I am making the objection to the question on the ground that it calls for a conclusion. Does your honor overrule my objection? Court: I overrule the objection as it was made to that question. Q. Mr. Jolly, was the defendant under coercion or threat at the time he made this statement? Attorney Felton: I object to that as calling for a conclusion. The Court: Objection overruled. A. I did not threaten him in any way; I did not promise him any benefit or reward for answering my question. I did not threaten in any manner—I did not draw a gun on him. Mr. Tallent [deputy sheriff] did not draw any. Neither of us drew a gun on any one. Only George Felton had a gun in his hand and Mr. Tallent went over there and took the gun and looked at it and I believe he opened it to see whether there were any shells in it, and I believe he gave the gun back to him. I would not swear that but I think he gave it back to him. I asked him if it was their whisky. Felton says, 'I was going hunting and do not know anything about it'. That was the first words and I says, 'We know it has been moved since we were down here.' Tommie says, 'It is my liquor.' I says, 'Has Shang [meaning George Felton] got anything to do with it?' and he says 'Shang has not got anything to do with it, it is my liquor.' The defendant said that. Attorney Felton: I object to that on the ground that the preliminary examination of the witness by

the solicitor calls for a conclusion of the witness and that at this stage of the game that testimony is inadmissible. By the Court: I overrule the objection.

"(a) Movant objected to the question and the evidence as soon as and at the time it was offered, and then and there urged before the court the objections as set out verbatim above. (b) The objectionable questions were asked by the solicitor on behalf of the State and the testimony was offered by the opposing party. (c) The court overruled the objection and admitted the evidence. (d) The evidence was material, prejudicial and hurtful to the movant for the following reasons: (1) It had the effect of permitting the witness to testify as to his conclusion and establishing as a fact what were actually only his conclusions. (2) It permitted an alleged confession to be submitted to the jury without a proper showing as to whether or not said alleged confession was actually made freely and voluntarily. (3) Because the jury were authorized under the statement of the court to accept as a proven fact the testimony of the witness on account of the statement of the court that it was within the breast of the witness as to whether or not the confession was free and voluntary. (e) The name of the witness whose testimony is alleged to have been illegally admitted over valid objection is W. T. Jolly. (f) Movant avers that the inadmissibility of the evidence was beyond doubt."

Special grounds 2, 3, and 4 involve the same principle of law as special ground 1. The special grounds of the amended motion are meritorious. The court committed error in ruling that the testimony of witness Jolly "that the defendant made a statement in this case freely and voluntarily" was not a conclusion. See *Lemon v. State*, 80 *Ga. App.* 854 (57 S. E. 2d 626) wherein it is held that such a statement is a conclusion and, on objection, the State must make a prima facie showing of the voluntariness of the confession by showing the facts and circumstances surrounding its procurement before it is admissible in evidence.

We do not think that the error of the court in stating that such testimony "is not a conclusion" is itself reversible for the reason that the witness proceeded to cure the error by stating the facts surrounding the obtaining of the confession, from which the jury might well have concluded that such confession was in fact voluntary. However, in making this erroneous ruling, the court further

states: "Whether it was free and voluntary . . . is certainly within the breast of this witness" and, "the statement was made in his presence—he would know whether it was freely and voluntarily made." This was not only an erroneous statement of the law but was tantamount to instructing the jury that whether or not the confession was freely and voluntarily made was a question for the witness, rather than the jury, to decide, and was therefore confusing and misleading to the jury. It was not "within the breast of this witness" to decide whether the defendant acted without coercion, nor could the witness actually "know" whether the statement was so made. All that the witness could know was whether he, or others in his presence, used illegal means to procure the confession. Any statement by the court in the presence of the jury to the effect that a conclusion of the witness must be treated by them as a statement of fact, and which in effect amounted to an instruction to take the witness's word for the transaction, as it was up to him to decide the issue, is prejudicial to the rights of the defendant and demands a new trial.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*