### 4179.  HICKS v. THE STATE.

The rule of evidence is elementary that acts and declarations of a co-offender or conspirator are admissible against the others only when made and done during the pendency of the criminal enterprise and in furtherance of its object, and that any subsequent declaration or conduct of a joint offender or conspirator is admissible only against himself, and, as against others, must be rejected as a narrative merely of past occurrences.

DECIDED JUNE 5, 1912.

Indictment for burglary; from Douglas superior court—Judge Price Edwards.   April 19, 1912.

*J. S. James,* for plaintiff in error.

*J. R. Hutcheson, solicitor-general,* contra.

HILL, C. J.   The plaintiff in error, a negro boy, fifteen years of age, was convicted of the offense of burglary, and was sentenced to seven years in the penitentiary.   His motion for a new trial was overruled, and he brings error.   The transcript of the record is very confusing and involved, and this court has found some difficulty in gathering from its careful perusal what actually occurred on the trial.   In so far as we have been able to determine from this record, there is only one error which is of such serious character as to require the grant of another trial.   The evidence against the accused consisted of several slight circumstances indicative of guilt, and, standing alone, would probably not have been sufficient to have produced conviction in the mind of the jury beyond a rea-

sonable doubt. In this state of the evidence the court permitted, over the objection of the attorney for the accused, declarations made by an alleged accomplice subsequently to the commission of the offense,—a narrative merely of past occurrences. This accomplice had entered a plea of guilty to the offense of burglary charged against the accused, himself, and another, and was in jail when the prosecutor had a conversation with him relative to the offense; and in this conversation the accused stated to the prosecutor the particulars of the commission of the offense, declaring that the accused participated therein, and giving in detail the acts and conduct of the accused in its commission. The accused was not present when this statement was made to the prosecutor. On the trial this accomplice testified in behalf of the accused, denying that he was present at the commission of the offense or had participated therein. The presiding judge stated that these subsequent declarations were admitted for the purpose of impeachment; but it does not appear that any foundation was laid for their introduction for this purpose.

This testimony was clearly inadmissible as evidence against the accused. "The confession of one joint offender or conspirator, made after the enterprise is ended, is admissible only against himself." Penal Code (1910), § 1035. This is but a codification of a well-settled rule of law. *Reid* v. *State,* 20 *Ga.* 681; 1 Gr. Ev. (16th ed.), § 184 (*a*).

Another occurrence which the record shows took place at the trial, while not in itself sufficient to warrant the grant of a new trial, inclines us all the more readily to grant another trial, because it probably may have resulted in injustice to the accused. After the evidence had been closed and the argument begun, the State asked permission to reopen the case for the purpose of introducing another witness. This witness testified that on the night of the alleged burglary he saw the accused and this accomplice together. The attorney for the accused objected to the reopening of the case, but, of course, this was a matter in the discretion of the court. After this witness had testified, the attorney for the accused asked the court to postpone the trial for a short time, in order that he might have an opportunity of sending for a witness, whom he named and located, by whom he could rebut the testimony of this new witness. The court refused to give him the

time. While, as above indicated, this is a matter in the discretion of the court, yet where the witness thus introduced at this stage of the trial proved an additional fact which was damaging to the accused, and the accused stated that he could not have anticipated the evidence of this additional fact, and that he had a witness by whom he could rebut this evidence, naming and locating the witness, it would seem that the ends of justice required that the presiding judge should give to the accused a reasonable time to secure the presence of the witness for that purpose. We have said this much, not in criticism of the action of the learned trial judge, but because, in our opinion, the weak and inconclusive character of the evidence against the accused entitled him to the fullest opportunity to explain the incriminating circumstances. We grant a new trial in the case solely because of the admission of the subsequent declarations of the accomplice in the absence of the accused, which were simply a narrative of past occurrences, and which must have been hurtful to the accused. *Judgment reversed.*