HICKS *v.* THE STATE.

PATRICK, *alias* PARTRIDGE, *v.* THE STATE.

PER CURIAM. 1. It being undisputed by the defendants in each of these cases that the only words used to induce the alleged confessions were that it would be better for the accused to tell the truth, this language did not constitute such an inducement as is denounced in the Penal Code of 1910, § 1032. 3 Enc. Dig. Ga. R. 231, and cit.

2. It was not error under the facts, especially as it appears from the evidence that the defendant Patrick actually made a correction in the statement attributed to him, to charge the jury that "acquiescence, or silence, when the circumstances require an answer or denial, or other conduct, may amount to an admission," in immediate connection with an instruction that "whether or not there was acquiescence or silence, and whether or not, if such, it amounted to an admission, is for you gentlemen to determine and say."

3. An abandoned and malignant heart may be evidenced by the circumstances attending the commission of a homicide. For this reason, evidence as to whether the instrument used in the fatal assault is, either from its intrinsic nature or from the manner of its use, a deadly weapon, is admissible; for a killing unjustified by the law is presumed to be due to malice.

4. Other grounds of the motions for new trial, not specifically referred to above, do not assign such error as warrants the grant of a new trial. The evidence in both cases fully authorized the conviction of each of the defendants.          *Judgments affirmed.* *All the Justices concur.*

Nos. 9716, 9866. FEBRUARY 22, 1934.

*Drennan & Giles* and *Lillie Sheck,* for Hicks.   *Camp, Savage & Crawford, Branch & Howard,* and *Eugene L. Tiller,* for Patrick.

*M. J. Yeomans, attorney-general, John A. Boykin, solicitor-general, J. W. LeCraw, B. D. Murphy, J. T. Goree,* and *John H. Hudson,* contra.