42625.   GREEN v. THE STATE.

ARGUED MARCH 7, 1967—DECIDED APRIL 18, 1967—
REHEARING DENIED MAY 4, 1967.

*Garland & Garland, Reuben A. Garland, Edward T. M. Garland,* for appellant.

*Richard Bell, Solicitor General, Edward Lang,* for appellee.

JORDAN, Judge.  ■  In his first enumerated error the appellant asserts that the court erred in allowing a police officer to testify that he told this officer that the vehicle belonged to a friend,

that he and his companions were using it to go for bread and milk for breakfast, and that he admitted he had been in the vehicle previously. In his second enumerated error the appellant asserts that the court erred in allowing another police officer to testify that he admitted he had been employed to steal automobiles and was offered $250 for automobiles which he would steal.

The appellant insists that the failure of the trial judge to hold a preliminary hearing on the voluntariness of the admissions, and to make a ruling in the record that the admissions were voluntary, denied the appellant due process in violation of the Fourteenth Amendment to the Constitution of the United States. In support of his contentions he relies upon Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908, 1 ALR3d 1205) and Sims v. Georgia, 385 U. S. 538 (87 SC 639, 17 LE2d 593).

In Jackson v. Denno, supra, decided on June 22, 1964, the United States Supreme Court overruled its 1953 decision in Stein v. New York, 346 U. S. 156 (73 SC 1077, 97 LE 1522) upholding New York procedure leaving the ultimate determination of voluntariness to the jury after preliminary determination by the court, and held that if there is an issue of fact as to voluntariness the accused is entitled to "an adequate evidentiary hearing productive of reliable results concerning the voluntariness" of a confession (p. 394) after previously indicating in a footnote (p. 391) that it was of no concern to the court "[w]hether the trial judge, another judge, or another jury, but not the convicting jury, fully resolves the issue of voluntariness," and that the States were free, as indicated in the Stein case, to allocate such functions between a judge and a jury. In Sims v. Georgia, supra, decided on January 23, 1967, the court determined that the safeguards in Georgia were substantially the same as New York procedures which fell short of constitutional requirements, and that as to cases tried in Georgia after June 22, 1964, the rule in Jackson must apply. The court also stated (p. 544) that although the trial judge "need not make formal findings of fact or write an opinion, his conclusion that the confession is voluntary must appear from the record with unmistakable clarity."

The standards of voluntariness for in-custody interrogation were announced by the United States Supreme Court on June 13, 1966, in Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694, 10 ALR3d 974), and under that decision a full warning to an accused of his constitutional rights before any in-custody interrogation takes place is mandatory, to render any statement admissible in evidence, although in view of the more recent decision in Chapman v. California, 386 U. S. 18 (87 SC 1283, 17 LE2d 705), there may be instances where error involving a violation of constitutional safeguards is harmless.

In Johnson v. New Jersey, 384 U. S. 719 (86 SC 1772, 16 LE2d 882) the court held that Miranda, supra, must apply to those cases in which the trial began after June 13, 1966. See *Bass v. State*, 115 Ga. App. 461 (1). As the date of trial of the case before this court is May 18, 1966, only those standards in effect before Miranda need be applied. These standards were explained further in Davis v. North Carolina, 384 U. S. 737 (86 SC 1761, 16 LE2d 895) as involving in that case the sole issue of whether voluntarily given or the result of overbearing by police authorities. The court stated that the fact that an accused was not advised of his right to remain silent or of his right respecting counsel would be a significant factor, and that it would examine the entire record and make an independent determination of voluntariness.

Although the first officer did not advise Green of his rights during the course of his in-custody interrogation, there is an absence of any evidence indicating anything except that Green talked freely and voluntarily. The statements were made to the officer at the scene, where the officer had found Green's two companions with the vehicle, and having previously seen Green in the vehicle, had caused Green to be apprehended at a nearby service station and brought to the scene. Under pre-Miranda standards we do not consider the absence of a warning, standing alone, a bar to admissibility, a fortiori in the absence of any objection by counsel to admissibility when offered. Under the circumstances shown there was no disputed issue of fact as to voluntariness such as would necessitate a hearing or a

specific ruling on admissibility to meet the procedural requirements of the Jackson case.

The other officer testified that Green, while in the DeKalb County jail, admitted having been solicited to steal automobiles, and having been offered $250 for a stolen automobile. This officer had warned the accused of his constitutional rights concerning statements earlier on the same day when he was in jail in Atlanta, but he did not recall whether he repeated the warning at the DeKalb County jail. Counsel for the defendant was afforded and did avail himself of the opportunity for an evidentiary hearing on voluntariness outside the presence of the jury, and at this time subjected the witness to a thorough cross examination as to the warning given. There is absolutely nothing whatsoever in the uncontradicted testimony of the officer to indicate anything except that the statements of Green were freely and voluntarily made after being advised of his rights. One must necessarily conclude from the fact that the hearing was held, that counsel for the defense offered nothing to contradict the testimony of the officer, and that the officer was thereafter permitted to testify before the jury as to the admissions, that the trial judge had resolved the issue of voluntariness adversely to the accused, and that counsel so understood the matter. In the absence of even a suggestion by counsel of any wrongful coercion or compulsion after the police officer had testified outside the presence of the jury, it would seem probable that the trial court saw no reason for any statement in the record of his ruling, which speaks for itself in the fact that the police officer was thereafter permitted to continue his testimony in the presence of the jury.

Having reviewed the entire record in the light of the pre-Miranda constitutional standards of voluntariness and the post-Jackson constitutional procedural requirements as to admissibility, we conclude that it was not harmful error to admit in evidence the in-custody extrajudicial statements of the accused.

■ In his third enumerated error the appellant asserts that the court erred in allowing the second officer to testify that a companion told him that the appellant asked this companion

to steal the keys to the automobile. Counsel for defense had previously elicited[1] from the witness on cross examination that the companion had admitted stealing the keys, and objected only when the prosecutor sought to pursue the matter on further direct examination, on the basis that it was evidence of another crime. The trial court ruled the testimony admissible because counsel had "opened the door." On appeal the appellant contends it was inadmissible as hearsay.

It is elementary that extrajudicial confessions and admissions are hearsay, and that hearsay is never admissible and of no probative value unless it comes within an exception. See *Code* § 38-301. Declarations during the pendency of a criminal project by one of the conspirators are admissible against all. See *Code* § 38-306. The confession or admission of a conspirator, made after the enterprise is ended, is admissible only against the person making the admission or confession. See *Code* § 38-414. Although the evidence, in a light most favorable to the State, does show a conspiracy by Green and his two companions, by reason of their presence with the stolen vehicle and attempts to start it, as observed by the first officer, in addition to other evidence, it also appears that the interference of the police officers and the apprehension of three suspects had effectively terminated this conspiracy, despite the State's contention that the conspiracy was not at an end because it extended to the sale of the stolen automobile. Moreover, the companion's statement was not an act in furtherance of the conspiracy, or a statement in an effort to conceal the conspiracy and prevent its discovery. It was merely a narration of past events, and the record fails to show that it took place in the presence of the accused. Such evidence, as related by the police officer, was indamissible hearsay, and even if admitted, had no probative value, yet one cannot determine from the record that it was not considered by the jury as evidence of the guilt of the accused, for it clearly links the accused to a conspiracy to steal the automobile, as opposed to his unsworn statement in court to the effect that he was merely the victim of circumstances. See *Hicks v. State,* 11 Ga. App. 265 (75 SE 12); *Gibbs v. State,* 144 Ga. 166 (2) (86 SE 543); *Sanders v.*

*State,* 46 Ga. App. 175 (2) (167 SE 207). Cf. *Kryder v. State,* 57 Ga. App. 200 (6) (194 SE 890); *Strickland v. State,* 115 Ga. App. 278 (2) (154 SE2d 622). See also, in general, Krulewitch v. United States, 336 U. S. 440 (69 SC 716, 93 LE 790); Lutwak v. United States, 344 U. S. 604 (73 SC 481, 97 LE 593), the discussion and collected cases in 4 ALR3d 671, and the comment in 5 Mercer Law Review 56. Guilt beyond a reasonable doubt must be determined solely on admissible evidence of probative value. It was prejudicial error to allow the jury to consider the inadmissible evidence.

    *Judgment reversed. Bell, P. J., and Pannell, J., concur.*