## 26013. STRICKLAND v. THE STATE.

SUBMITTED SEPTEMBER 15, 1970—DECIDED OCTOBER 8, 1970.

*Sam Johnson, Albert E. Butler,* for appellant.

*Glenn Thomas, Jr., District Attorney, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, William R. Childers, Jr., Assistant Attorneys General,* for appellee.

NICHOLS, Justice. The appellant, Billy Strickland, together with Truman Johnson, was indicted and convicted of the offense of armed robbery and each sentenced to serve five years in the State penitentiary. Thereafter the present notice of appeal was filed by the defendant Strickland.

1. The first enumeration of error complains that the co-indictees were tried together and not separately. No motion to sever was made in the trial court. Both defendants in the trial court were represented by the same counsel and, while it may have been a better trial tactic to move for a severance, which would have been granted under *Code* § 27-2101, it is too late after an adverse verdict to raise such issue for the first time. The trial court did not err in the absence of a timely request in failing to order a separate trial for the appellant.

2. The second enumeration of error complains that the trial court erred in sustaining an objection to a question asked a witness for the State on cross examination. The trial court in sustaining the State's objection expressly limited his ruling to the exact words used by counsel in phrasing the question asked, and did not preclude the defense from a thorough and sifting cross examination.

3. On the trial of the case, the defendant objected to the admission of a written confession of the co-indictee upon the ground that it was not freely and voluntarily made. In *Clark v. Smith*, 224 Ga. 766, 773 (164 SE2d 790), it was said: "It was held in Pinto v. Pearce, 389 U. S. 31, 32 (88 SC 192, 19 LE2d 31) (1967), that the United States Supreme Court 'has never ruled that all voluntariness hearings must be held outside the presence of the jury, regardless of the circumstances. Jackson v. Denno, 378 U. S. 368, supra (1964), held that a defendant's constitutional rights are violated when his *challenged* confession is introduced without a determination by the trial judge of its voluntariness after an adequate hearing.' " The objection made to the introduction of the confession was sufficient to invoke requirement that a separate hearing be held on the voluntariness of the confession. In the absence of a determination of voluntariness by the trial court, the overruling of this objection was error.

4. During the trial of the case objection was made to introduction in evidence of a shotgun as illegally obtained when it was obtained from an automobile which had been in the possession of the defendant Strickland at a time before his arrest. The evidence discloses that the automobile was owned by Strickland's mother, that the keys to the automobile were turned over

to the officers by the mother at the request of Strickland. Under decisions exemplified by *Marsh v. State*, 223 Ga. 590 (157 SE2d 273); *Tolbert v. State*, 224 Ga. 291 (161 SE2d 279), and cases cited, it was not error to admit such shotgun in evidence.

(a) In another enumeration of error it is complained that the trial court erred in admitting such shotgun in evidence because it is a different shotgun from one obtained from the defendant's home under authority of a search warrant.

The contention is made that the shotgun described in the confession of the co-indictee, and procured by the search warrant, differed in appearance from the one described by the victim. While such discrepancy may go to the weight of the evidence, it would not require the exclusion of the one described by the victim from the evidence.

5. The remaining enumerations of error relate to the sufficiency of the evidence, and an excerpt from the charge properly described as lapsus linguae. In view of the ruling in the third division of this opinion which requires another trial these questions need not be passed upon. The evidence may not be the same on another trial and the "slip of the tongue" in the charge will no doubt not recur.

*Judgment reversed. All the Justices concur.*