27083. ROBINSON v. THE STATE.

NICHOLS, Justice. Carlos Robinson, Jr. was indicted for the offense of armed robbery. He was jointly tried with Jerry Timms, who was also indicted for such offense and both were convicted. Robinson's motion for new trial was overruled and the present appeal filed. There was evidence adduced that five persons were involved in the armed robbery, three who actually entered the place of business and took cash from the cash register and from the person of the operator of the business at gun point. The other two, the two tried here, remained in Robinson's automobile which was parked approximately 300 yards away. After the robbery, the five proceeded in the automobile to a place known as "Gikes' Place" on the Pavo Road, where they divided the proceeds of the robbery. Timms, who had made a written confession after being arrested, denied the facts stated in the confession and contended he had been drinking and knew nothing of the robbery. *Held:*

1. The written confession of the co-defendant Timms was admitted in evidence. A separate hearing as to its admissibility was first had outside the presence of the jury, and while Timms testified that he did not understand his rights, yet on cross examination his testimony was such that first the judge and then the jury was authorized to find that he did understand such rights as were read to him and by him.

After testifying that the statement was made voluntarily, the police officer testified, on cross examination, that Timms "asked me if it would help if he told the truth. I

said it has always been true that everybody asks how cooperative has a suspect been with you, was this voluntary or did you have to get out and prove it. . . I told him that I felt it would be better for him to go ahead and tell the truth."

The reply that it is always better to tell the truth was not such an inducement as is demanded to invalidate the confession. Compare *Hicks v. State,* 178 Ga. 561 (173 SE 395); *McLemore v. State,* 181 Ga. 462, 471 (182 SE 618, 102 ALR 634). However, the remaining language "everybody asks how cooperative has a suspect been, was this voluntarily or did you have to get out and prove it" cannot be said not to hold out a hope of reward by special consideration if the suspect cooperates, and it was not necessary that the officer get out and prove the suspect's involvement in the crime, or fear, if convicted without the confession, and the officer did have to get out and prove the suspect's involvement in the crime. Accordingly, the admission of the confession was error, if such question was properly presented in the trial court.

Both defendants on the joint trial were represented by the same counsel, and an objection by such counsel raising the issue as to the voluntariness of the confession was sufficient as to both defendants. See *Strickland v. State,* 226 Ga. 750, 751 (177 SE2d 238). Accordingly, the admission of such confession was error.

The next question to be decided is whether it was harmful error. "Harm as well as error must be shown to authorize a reversal by this court. As was held in *Brown v. City of Atlanta,* 66 Ga. 71, 76: 'When a plaintiff in error brings a case here, he must show error which has hurt him. This court is not an expounder of theoretical law, but it administers practical law, and corrects only such errors as have practically wronged the complaining party.' See also *Dill v. State,* 222 Ga. 793 (152 SE2d 741), and citations." *Bateman v. Bateman,* 224 Ga. 20, 21 (159 SE2d 387).

Two of the other participants in the armed robbery testified on the trial. Each of these two participants testified to the basic facts included in the confession, and they were thoroughly cross examined by the defendant's counsel. Under such circumstances, the admission of the confession was not harmful error since legally admissible evidence of the same facts was introduced. Such situation is not the same as that referred to in the Act of 1971 (Ga. L. 1971, p. 460) enacting *Code* § 38-1713, which deals with the waiver of an objection to evidence, and not to harmless error which results from legally admissible evidence rendering harmless the admission of incompetent or inadmissible evidence of the same fact.

Nor was the appellant denied any right of confrontation where the defendant on trial with him denied in open court the facts contained in his purported confession, as well as its voluntariness. Compare Dutton v. Evans, 400 U. S. 74 (91 SC 210, 27 LE2d 213); Nelson v. O'Neil, 402 U. S. 622 (91 SC 1723, 29 LE2d 222); Schneble v. Florida (92 SC 1056, 31 LE2d 340).

2. The second enumeration of error complains of an excerpt from the charge dealing with reasonable doubt. The excerpt complained of is a mere fragment of the charge, and when the complete charge on such subject is considered, no error appears.

3. Inasmuch as there was no evidence of a confession made after the conspiracy had come to an end, it was not error for the court to fail to charge the provisions of *Code* § 38-414.

4. The evidence authorized the conviction, and the judgment overruling the appellant's motion for new trial was not error for any reason enumerated.

*Judgment affirmed. All the Justices concur, except Gunter, J., who dissents.*

ARGUED MARCH 13, 1972—DECIDED APRIL 7, 1972.

*Frank G. Wilson, Carl Wilson,* for appellant.

*George A. Horkan, Jr., District Attorney, Arthur K. Bolton, Attorney General; Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Assistant Attorney General, Roger W. Moister, Jr., Deputy Assistant Attorney General,* for appellee.

GUNTER, Justice, dissenting. The majority opinion holds that the written confession of appellant's co-defendant, one Timms, was admitted in evidence, and that such admission into evidence was erroneous in that the confession of Timms was induced "by the slightest hope of benefit" in violation of *Code* § 38-411.

However, the majority's decision goes on to hold that this erroneous admission of evidence was not harmful error requiring a reversal of the trial court.

I agree that the admitted confession was inadmissible against the appellant. I disagree with the majority in holding that its admission was not harmful error.

The written confession of Timms, the co-defendant of the appellant, obtained in a manner proscribed by our statute, and admitted in evidence against the appellant over his objection was, to my mind, prejudicial to him. And this is true even though there was other evidence introduced by the State from other witnesses pertaining to the same subject matter as contained in the confession. The jury may or may not have believed the testimony of the other witnesses unless it had been fortified by the illegally admitted confession.

In the case of *Green v. State,* 115 Ga. App. 685, 690 (155 SE2d 655) Mr. Justice Jordan speaking then for the Court of Appeals said: "Guilt beyond a reasonable doubt must be determined *solely* on admissible evidence of probative value. It was prejudicial error to allow the jury to consider the inadmissible evidence."

If the co-defendant's confession was inadmissible, and I believe that it was, then its admission in evidence for consideration by the jury was harmful to the appellant to the extent of requiring the granting of a new trial.

I would reverse the judgment.

I respectfully dissent.