### 48605. JONES v. THE STATE.

EBERHARDT, Presiding Judge. Appellant pleaded guilty in the superior court to a charge of burglary, and a presentencing investigation report was compiled and presented to the trial judge updating a previous report. Both reports contained information as to the juvenile court record of appellant showing adjudications of delinquency based upon charges of burglary that had been brought against him in juvenile court during his youth. The judge stated that he had "considered the information contained in the presentence investigation report" and felt that "in view of the apparent pattern of violating the law, the court must impose a sentence requiring confinement in this case." Appellant complains that the court erred in considering information contained in these reports. *Held:*

1. The Statewide Probation Act (Ga. L. 1956, p. 27, as amended; Code Ann. §§ 27-2702—27-2726.1) provides that prior to the sentence hearing, "the court may refer the case to the circuit probation supervisor of the circuit in which such court is located for investigation and recommendation. The court, upon such

___

reference, shall direct the supervisor to make an investigation and report to the court in writing at a specified time upon the circumstances of the offense and the criminal record, social history and present condition of the defendant, together with such supervisor's recommendation . . . If it appears to [the] court upon a hearing of the matter that the defendant is not likely to engage in a criminal course of conduct and that the ends of justice and the welfare of society do not require that the defendant shall presently suffer the penalty imposed by law, the court in its discretion [may place him upon probation]." Ga. L. 1972, pp. 604, 609 (Code Ann. § 27-2709).

Juvenile Court Code, § 24A-2401 provides, in part: "(b) The disposition of a child and evidence adduced in a hearing in the juvenile court may not be used against him in any proceeding in any court other than for a proceeding for delinquency or unruliness, whether before or after reaching majority, except in dispositional proceedings after conviction of a felony for the purposes of a presentence investigation and report."

The contention made here is that since Juvenile Court Code, § 24A-2401, allowing the juvenile court record to be used in a presentence report following a felony conviction, was enacted in 1971, and appellant's juvenile court record was built up over a period of time prior to 1971, § 24A-2401 had been given a retroactive application. It is urged that § 24A-2401 applies only to those juvenile court records which arose subsequent to its passage. However, § 24A-2401, and the rules pertaining to retroactive application of statutes, do not operate upon things disassociated from their relationships to persons. The inquiry is not whether appellant's *record* was protected prior to 1971, but whether *appellant* was protected at the time of his conviction and sentencing. Since he was convicted and sentenced in 1973, there is no merit to the contention that the 1971 statute was given a retroactive application.

2. Nor is there merit to the contention that § 27-2709, setting forth the subject matter of the presentence investigation and report as "the circumstances of the offense and the criminal record, social history and present condition of the defendant," does not include the juvenile court record. Conceding ex gratia appellant's contention that adjudications or dispositions under the Juvenile Court Code and its predecessors do not constitute a "criminal record," we think that the juvenile court record would be included within appellant's "social history." But in any event it

is clear that Code Ann. §§ 27-2709 and 24A-2401, construed in *pari materia* as they must be, clearly authorized the use of the record in dispositional proceedings after conviction of a felony for the purposes of a presentence investigation and report.

3. Objection is made to the earlier report on the grounds that it contains charges for which no disposition is indicated, as well as recommendations of victims of appellant's burglaries as to his punishment. However, assuming that this information should not have been included in that report, the remainder of that report, as well as the second report which does not contain such information, show three dispositions for truancy and burglary, and one for two counts of burglary. This is certainly sufficient to support the trial court's finding of "the apparent pattern of violating the law," and no reversible error appears. *Robinson v. State*, 229 Ga. 14, 15 (189 SE2d 53).

*Judgment affirmed. Pannell and Stolz, JJ., concur.*

Submitted September 6, 1973 — Decided September 12, 1973.

*Smith & Millikan, Troy R. Millikan,* for appellant.
*Jeff C. Wayne, District Attorney,* for appellee.