## 53832. ROGERS v. THE STATE.

McMURRAY, Judge.

Defendant appeals his conviction of child molestation. *Held:*

1. Both shortly after the incident and again in open court, the twelve-year-old victim identified defendant as the person who molested her. During questioning after his arrest the defendant admitted committing the alleged acts. A verdict of guilty should be affirmed if there is any evidence to support it. *Cohran v. State,* 141 Ga. App. 4 (1) (232 SE2d 355), and cits.

2. Prior to the beginning of trial, a hearing was held to determine the voluntariness of defendant's confession

pursuant to Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908). At that hearing the Sheriff of Evans County testified that he had questioned defendant in his office, and prior to questioning defendant was advised of his Miranda rights and agreed to talk to the sheriff without an attorney present. The sheriff testified there were no threats made, no promise was made that the defendant would get "less time," and that the interrogation was neither long nor intensive.

During questioning the sheriff did state to defendant that it would be "easier on him if he would tell the truth." The sheriff testified that these words were not intended as a promise that the defendant would receive a lighter sentence and that it did not appear to him that the defendant construed these words as a promise of a lighter sentence. On cross examination the defendant testified that he did not interpret these words of the sheriff to be a promise of a lighter sentence if he told the sheriff what happened. Defendant also corroborated the sheriff's testimony that he was not threatened during the questioning.

Defendant contends that his confession was not voluntary and should not have been admitted into evidence at the trial. He contends that the statement by the sheriff that it would be "easier on him if he would tell the truth," created the hope of a lighter sentence if he confessed. See Code § 38-411. Defendant relies upon *McLemore v. State,* 181 Ga. 462 (182 SE 618), where the confession was held inadmissible due to testimony that the defendant may have been told it would be better for him to make a *confession.* "There is a material difference between a statement to a prisoner that it would be better for him to tell the *truth,* and one wherein he is told that it would be better for him to make a *confession." McLemore v. State,* supra, p. 471. Compare *Hicks v. State,* 178 Ga. 561 (1) (173 SE 395). The case sub judice is further distinguished by the defendant's testimony at the Jackson v. Denno hearing that he did not understand the statements of the sheriff to mean that he would receive a lighter sentence and that "what he said that . . . if I go ahead and tell the truth . . . tell him what happened, it would be better."

"The factual determination of the trial court that the statement was freely and voluntarily made without any offer of leniency must be accepted by this court unless these findings are shown to be clearly erroneous. *High v. State,* 233 Ga. 153, 154 (210 SE2d 673) (1974); *Lawrence v. State,* 235 Ga. 216 (219 SE2d 101) (1975)." *Person v. State,* 235 Ga. 814 (2) (221 SE2d 587). There is no merit in this contention of the defendant.

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

SUBMITTED MAY 2, 1977 — DECIDED MAY 25, 1977.

*Carroll L. Cowart,* for appellant.
*Dupont K. Cheney, District Attorney,* for appellee.