59615. PHIPPS v. THE STATE.

SMITH, Judge.

Carroll Wilford Phipps appeals his conviction for the involuntary manslaugher of Russell Rarick alleging his pretrial statement was not taken in accord with the requirements of Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966) and the prosecutor's closing argument contained inaccuracies and was highly inflammatory and prejudicial. We affirm.

Following his apprehension, the appellant was questioned by members of the homicide squad at the Atlanta Police Department. After being advised of his Miranda rights, the appellant signed a waiver of counsel and then stated he wanted to talk to his mother. His mother was called and she admonished the appellant to tell the truth. After his mother arrived at the police station, the appellant made a statement which was witnessed by his mother. Two conflicts arise in the evidence concerning the waiver of counsel and the motivation for the pretrial statement.

Although the appellant alleges on appeal he did not know the

meaning of waiver, he is 18 years old, completed eleven grades in school, and has had some prior experience with the police. "[T]he court was authorized to find that the defendant had been fully advised of all of his Miranda rights, and was a person of average intelligence, and that he voluntarily, knowingly, and intelligently waived his right to counsel. *Royal v. Faircloth,* 226 Ga. 65, 66 (172 SE2d 410)." *Mace v. State,* 144 Ga. App. 496, 499 (241 SE2d 615) (1978).

One police officer was charged with inducing the appellant to sign the waiver form by saying "It might go easier on you if you told the truth." The officer did not testify that he did make such statement to the appellant. The other police officer who was present denies that any such statement was made to the appellant. The appellant testified at trial that any statement about it being easier on him to tell the truth and harder if he didn't "came later when he [the police officer] was talking to my mom" (after the waiver had been signed). Appellant never testified to any direct cocerion or inducement except what his mother related to him as having been said by Sergeant Derrick. Sergeant Derrick denies having made such a statement of either coercion or inducement. Following a Jackson-Denno hearing (Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964)) and subsequent testimony repeated before the jury, the trial court admitted both the waiver and the pretrial statement and submitted the issues of knowledgeable waiver and voluntariness of the pretrial statement to the jury. " 'The factual determination of the trial court that the statement was freely and voluntarily made without any offer of leniency must be accepted by this court unless these findings are shown to be clearly erroneous.' [Cit.]" *Rogers v. State,* 142 Ga. App. 387, 389 (236 SE2d 134) (1977). We do not find them erroneous and therefore Enumeration 1 is not meritorious.

We have examined the prosecutor's closing argument and it does not exceed the bounds of fair comment on the evidence. Although the prosecutor alluded to appellant's counsel as the "top gun in the Garland firm," all of the implications were laudatory rather than derogatory. *Haas v. State,* 146 Ga. App. 729, 730 (247 SE2d 507) (1978).

Enumeration 2 has no merit.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

ARGUED MARCH 12, 1980 — DECIDED JULY 10, 1980.

*Mark J. Kadish, Rhonda A. Brofman,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Jack E. Mallard, Assistant District Attorneys,* for appellee.