## 36565. FOWLER v. THE STATE.

NICHOLS, Justice.

John Henry Fowler was convicted for the murder of Billy Gentry, and was sentenced to life imprisonment. Four enumerations of error are presented on appeal.

1. The jury heard evidence that Fowler, Gentry and others had been drinking together, and that they went to get another pint in Gentry's automobile. Fowler asked Gentry to take him home several times, but Gentry kept on driving. While Gentry was driving on the Subligna Highway at about 40 to 45 miles per hour, Fowler shot him three times with a .44 magnum pistol. The automobile hit the guard rail on the driver's side of the highway. Fowler and his cousin, Alton "Baldy" Fowler, the state's witness, got out of the automobile, and Fowler said, "I killed that mother ———, didn't I, Baldy?" Fowler then told Alton to see if the victim had any money. Alton got Gentry's billfold, and handed it to Fowler. They threw the victim's body across

the guard rail and went home.

Medical testimony established that the victim died of gunshot wounds inflicted at close range. The cause of death was bleeding, secondary to massive damage to the heart and lungs. Ballistics testimony identified a slug taken from the victim's body as having been fired from Fowler's pistol.

Fowler made an oral statement after having been read his rights and after having signed a waiver of rights form.

When considered in the light favorable to the verdict, the foregoing evidence is sufficient to enable any rational trier of the facts to find Fowler guilty of murder beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Drake v. State,* 245 Ga. 798 (267 SE2d 237) (1980).

2. Fowler first contends that the trial court erred by eliminating from consideration during the Jackson-Denno hearing the testimony of his wife and daughter to the effect that he was drunk when his rights were read to him, when he signed the waiver, and when he gave his oral statement.

At one place in the transcript, the trial court is quoted as having said to defense counsel, "[W]hen you eliminate the statement of the wife of this Defendant that the Defendant was drunk, when you eliminate the bare statement of the daughter of the Defendant that the Defendant was drunk, very drunk, when you eliminate those two statements, I don't believe that the evidence shows . . . the Defendant exhibited his drunkenness in various ways." However, five lines later in the transcript the trial court is quoted as having said, "Now, I'm not disregarding those statements. Those statements are being considered, but the Court finds as a matter of fact and as a matter of law. . . ." It is apparent from the transcript as a whole that the trial court merely was weighing the evidence, rather than eliminating the testimony of the wife and daughter from consideration, and that the testimony of the wife and daughter were considered in ruling on the admissibility of the defendant's statement. The trial court considered "the totality of the circumstances." *Gates v. State,* 244 Ga. 587, 590 (261 SE2d 349) (1979). The first enumeration of error is without merit.

3. Fowler next contends that his statement should not have been admitted in evidence because, due to his intoxication, it was not the product of a rational intellect.

During the Jackson-Denno hearing, the trial court heard testimony from GBI Agent Lewis Evans that he and two investigators from the Chattooga County Sheriff's Department went to Fowler's house at 1:30 in the morning while Fowler was asleep. Agent Evans testified that Fowler had been drinking, that he did not know the

extent of Fowler's intoxication, that Fowler could have been drunk, and that if other witnesses came in and said Fowler was drunk he couldn't dispute their testimony. He also swore that in his opinion "Mr. Fowler wasn't in such a condition that he did not know what he was doing." The Court asked Agent Evans whether the defendant had been drinking to such an extent "that it would have affected his statement to you." Evans replied, "I don't think he had been drinking to that extent, Your Honor." Fowler's wife testified that Fowler was drunk, and his daughter swore that he was "real drunk."

In deciding the admissibility of a statement during a Jackson-Denno hearing, the trial court "must consider the totality of the circumstances" and must determine the admissibility of the statement under the "preponderance of the evidence" standard. Unless the factual and credibility findings of the trial court are "clearly erroneous," the trial court's decision on admissibility will be upheld on appeal. *Gates v. State,* 244 Ga. 587, 590, supra. The evidence was sufficient to establish that Fowler's statement was a product of rational intellect and free will, albeit that Fowler was intoxicated at the time his statement was given. The "coherency test" was not violated. *Allen v. State,* 231 Ga. 17 (2) (200 SE2d 106) (1973). The decision of the trial court admitting Fowler's statement was not clearly erroneous. *Gates v. State,* supra. The second enumeration of error is without merit.

4. Fowler contends that his statement was inadmissible under Code Ann. § 38-411 because it was induced by a hope of benefit. One of the Sheriff's investigators testified, "I believe I might have said something to the effect that it looked like he's in a heap of trouble and it would behoove him if he shot straight with us. I don't remember exactly the terminology." Fowler relies upon *McLemore v. State,* 181 Ga. 462 (4) (182 SE 618) (1935), in which the officer testified that he "might have said it would be better for him to make a confession." *McLemore* is distinguishable from the present case on its facts because the phrase "behoove him if he shot straight with us" merely encouraged him to speak the truth. Compare, *Robinson v. State,* 229 Ga. 14 (189 SE2d 53) (1972). Code Ann. § 38-411 is not violated by telling the accused in substance that he should tell the truth. *Edwards v. State,* 213 Ga. 552 (100 SE2d 172) (1957); *Turner v. State,* 203 Ga. 770 (1) (48 SE2d 522) (1948); *Hicks v. State,* 178 Ga. 561 (1) (173 SE 395) (1933); *Daniel v. State,* 150 Ga. App. 798, 801 (258 SE2d 604) (1979). The third enumeration of error is without merit.

5. Fowler complains in his last enumeration of error that the trial court improperly allowed identification testimony by Bobby Bean. Bean's testimony placed the defendant, the defendant's cousin, Alton Fowler, and the victim, Billy Gentry, together at the

American Legion Club on the night in question. Bean testified under cross examination that he had been handed one photograph by the police and had been asked whether he recognized the man in the photograph. The trial court overruled Fowler's motion complaining that Bean's in-court identification of him had been tainted by an impermissibly suggestive display of only one photograph.

Bean testified on direct examination that he had talked with Fowler on the night in question for about five to ten minutes and had sold Fowler a necklace with a buffalo head on it. He testified that based solely on his opportunity to see and observe Fowler at the American Legion Club he could identify him if he ever saw him again. He further testified that he explained to the police officers what Fowler looked like when he initially came to the Sheriff's office, and that it was only after he had given the police the description of Fowler that they showed him the photograph. On cross examination he testified that "if they hadn't showed me that [the photograph] and I met him on the street, I would know it was him." (Emphasis supplied.) "His identification had an independant basis other than the single photograph shown to him by the officers. We find, under these circumstances, that the identification testimony was reliable and admissible." *Burrell v. State,* 239 Ga. 792, 793 (239 SE2d 11) (1977). The last enumeration of error is without merit.

*Judgment affirmed. All the Justices concur.*

SUBMITTED AUGUST 8, 1980 — DECIDED SEPTEMBER 5, 1980.

*Carlton Vines,* for appellant.

*W. M. Campbell, District Attorney, James A. Meaney, Assistant District Attorney, Arthur K. Bolton, Attorney General, Susan V. Boleyn, Assistant Attorney General,* for appellee.