## 64923. BRAZILE v. THE STATE.

QUILLIAN, Chief Judge.

Defendant appeals his conviction for armed robbery. *Held:*

1. Defendant asserts the general grounds, arguing that because of his testimony that he was coerced by others into committing the robbery, he had no criminal intent. The defense of coercion rested solely on the credibility of defendant's uncorroborated testimony which was decided adversely to him by the jury's verdict. The other evidence was amply sufficient to authorize a rational jury to find defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Error is enumerated because the trial court admitted in evidence defendant's custodial pretrial confession despite defendant's testimony that he was induced to confess by a police officer promising him that his sentence would run concurrently with other sentences he had received, and that he would get a light bond. Law enforcement officers testified that no such promises were made and that when defendant asked if he could get a concurrent sentence he was told only that it was possible. Since the trial court's admission of defendant's confession was not clearly erroneous, there is no merit in the enumeration. *Fowler v. State,* 246 Ga. 256 (3) (271 SE2d 168).

3. The fifth enumeration has no merit.

4. Defendant testified that he was forced to commit the robbery by four men who threatened to harm him and his family. In cross-examination, over objection that defendant's character was being put in issue, defendant admitted the crime being tried was not the only robbery the four men forced him to commit; that they also forced him to rob a motel, a pizzaria and a bank in another county; and that he pled guilty to the motel and bank robberies.

This evidence was properly admitted to rebut defendant's

asserted defense of coercion and as evidence of prior similar crimes to prove, among other things, defendant's criminal intent, which he was denying.

"The evidence of these independent crimes was shown to be admissible as they all were closely connected in point of time and were similar in nature and proof of these crimes had a tendency to prove defendant's intent and motive to rob in the instant case. [Cit.]" *Campbell v. State,* 147 Ga. App. 554 (3), 555 (249 SE2d 356).

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*

DECIDED NOVEMBER 19, 1982 —
REHEARING DENIED DECEMBER 13, 1982.

*J. David McRee, Thomas J. Phillips, Jr.,* for appellant.

*Joseph H. Briley, District Attorney, Fred Bright, Assistant District Attorney,* for appellee.