**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and BRANCH, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**March 7, 2014**

# In the Court of Appeals of Georgia

A13A2487. THE STATE v. ROBINSON.

BRANCH, Judge.

The State brings this appeal from an order of the trial court granting in part Paris Robinson's motion to suppress statements he made to police during a custodial interview. As grounds for its appeal, the State asserts that the trial court erred when it found that a portion of Robinson's police interview was inadmissible because it was induced by a statement of the interviewing officer which implied that Robinson would receive a lighter sentence if he cooperated with police. For reasons explained below, we find no error and affirm.

The relevant facts are largely undisputed, and the record shows that in August 2011, the Savannah-Chatham Metropolitan Police Department was investigating a series of armed robberies targeting Hispanic males at or near apartment complexes on

the south side of Savannah. As part of the investigation, police began conducting stakeouts at various apartment complexes in the southern part of the city. During a stakeout on the night of August 5, 2011, an officer encountered a group of men, including Robinson, running away from one of the apartment complexes; the men were being followed by a large group of Latino men. The officer saw Robinson raise a pistol upward and heard a shot fired. After briefly investigating the incident, police arrested Robinson and two other individuals. During a search of Robinson's person, police found a wallet and car keys that had been stolen from one of the men in the pursuit group. Police subsequently conducted an identification show up at the scene, and one of the victims identified Robinson and at least one other individual as having been involved in a robbery that evening.

Following his arrest, Robinson was interviewed at the police station by a detective with the robbery unit. Robinson's interview was recorded, and a copy of that interview was introduced into evidence and reviewed by the trial court. The detective read Robinson his Miranda rights and reviewed a waiver of rights form with him. Robinson waived his rights, signed the waiver form, and agreed to talk with police without his attorney present. Robinson answered the detective's questions regarding the robbery that evening, admitting that he was present at the scene but denying any

direct involvement. When the officer began taking notes, Robinson offered to write down his statement, and the detective accepted that offer.

After Robinson completed his written statement, the detective questioned him about what he had written. The officer then told Robinson it was important for Robinson to be honest, expressed that he thought Robinson was lying, and asked Robinson to tell the police "what really happened" with respect to the robbery. When Robinson offered no further information, the officer told him, "When this goes to court, and you know this is gonna go to court, right? . . . The only . . . and your only card in this whole entire thing is to cooperate. That's the only thing. The person that cooperates is the person that gets help." The officer then asked if Robinson had ever been arrested before, and Robinson responded that he had not. The detective stated, "It would behoove you beyond all reason. You will think about the conversation you and I are having right now. You'll think about it for a long time later on if you don't [tell the truth]. . . . It behooves you to be honest." Following these statements by the officer, Robinson began to provide more details about that evening's robbery, and admitted his involvement in the crime. Robinson also went on to provide police with information regarding some of the other, similar robberies that were under investigation.

Robinson and a co-defendant were subsequently indicted on four counts of armed robbery, five counts of possession of a firearm during the commission of a crime, one count of aggravated assault, and one count of obstruction. Prior to trial, Robinson moved to suppress his interview with police on the grounds that it was not voluntary. Following an evidentiary hearing on this motion, the trial court found that, under the circumstances of this case, the detective's statement that "[t]he person that cooperates is the person that gets help" induced Robinson to talk further with police because it implied that if Robinson (as opposed to his co-defendant) cooperated with police, he would receive a lighter or reduced sentence. The trial court therefore suppressed that part of the police interview which occurred after the detective made the statement at issue. The State now appeals that order.

Under Georgia law, an incriminating statement will be considered involuntary, and will therefore be inadmissible, if it was "induced by another by the slightest hope of benefit or remotest fear of injury." OCGA § 24-8-824.[1] The State bears the burden of proving that a defendant's statement was voluntary, and in determining whether the State has met its burden, "the trial court must consider the totality of the

---

[1] Prior to January 1, 2013, this statutory language was found in OCGA § 24-3-50.

circumstances." (Citation and punctuation omitted.) *Martin v. State*, 271 Ga. 301, 304 (2) (518 SE2d 898) (1999). When reviewing a trial court's decision as to the voluntary or involuntary nature of a defendant's statement, we must construe the evidence "most favorably to uphold the findings and judgment and the trial court's findings on disputed facts and credibility must be accepted unless clearly erroneous." (Citation and punctuation omitted.) *Stringer v. State*, 285 Ga. 842, 843 (2) (684 SE2d 590) (2009). When the relevant facts are undisputed, however, we review *de novo* the trial court's application of the law to those facts. *Taylor v. State*, 274 Ga. 269, 272 (1) (553 SE2d 598) (2001). Bearing these guiding principles in mind, we turn to the State's claim of error.

"The promise of a benefit that will render a confession involuntary under OCGA § [24-8-824] must relate to the charge or sentence facing the suspect," and the "hope of benefit" to which the statute refers has been consistently construed as a hope of lighter punishment. (Citations and punctuation omitted.) *Foster v. State*, 283 Ga. 484, 485 (2) (660 SE2d 521)(2008) (and cases cited therein). The Georgia Supreme Court has repeatedly held that "merely encouraging a suspect to tell the truth does not amount to the hope of benefit so as to render the suspect's inculpatory statement involuntary and therefore inadmissible." *Gilliam v. State*, 268 Ga. 690, 691-692 (3)

5

(492 SE2d 185) (1997), citing *Henry v. State*, 265 Ga. 732, 736 (4) (c) (462 SE2d 737) (1995). Thus, encouraging a suspect to "help herself by telling the truth" does not offer hope of a lighter punishment. (Footnote omitted.) *Taylor*, 274 Ga. at 273 (2). See also *Wilson v. State*, 285 Ga. 224, 228 (3) (675 SE2d 11) (2009) ("[a]n interrogator's statement to an arrestee to 'help yourself out' is an encouragement to tell the truth and does not constitute an impermissible hope of benefit") (citations omitted); *Lee v. State*, 270 Ga. 798, 800 (2) (514 SE2d 1) (1999) (police officer did not offer hope of benefit when, in response to defendant's question if defendant should make a recorded statement, the officer stated, "'[t]hat's up to you,. . . [a]ll you're going to do is help yourself out"); *Fowler v. State*, 246 Ga. 256, 258 (4) (271 SE2d 168) (1980) (defendant's statement not rendered involuntary by fact that officer told him it would "'behoove him if he shot straight [with] us'") (citation omitted). Nor is a statement rendered involuntary because the police tell a suspect that the trial judge or prosecutor might look favorably on the suspect's truthful cooperation with law enforcement. *Wilson*, 285 Ga. at 228 (3) ("[t]elling a suspect that truthful cooperation might be considered by others does not render a statement involuntary") (citation omitted); *Gilliam*, 268 Ga. at 692 (3) ("telling a suspect that his cooperation will be

6

made known" to the prosecutor or trial judge "does not amount to the hope of benefit") (citations omitted); *Taylor*, 274 Ga. at 273 (2).

Relying on the foregoing principles, the State argues that the statement at issue represented nothing more than an admonition to Robinson to tell the truth and did not offer Robinson a hope of benefit if he continued to talk with police. Having carefully reviewed the video recording of Robinson's police interview, however, we are not persuaded by the State's argument. As the trial court found, this is not a case where Robinson was merely encouraged to "help himself" by telling the truth. Rather, the officer told Robinson that "[t]he person that cooperates is the person that gets help." At the time the officer made this statement, Robinson had been arrested with at least two accomplices, and the video shows that Robinson was aware that these individuals were in custody and at the police station. Thus, viewing the officer's statement under the totality of the circumstances, as the trial court was obligated to do, that statement does appear to offer Robinson some hope of benefit – i.e., it indicates that if Robinson cooperated truthfully with police, he would get a lighter sentence than his accomplices. See *Askea v. State*, 153 Ga. App. 849, 851 (3) (267 SE2d 279) (1980) ("the interrogating officer's remark that 'it (i. e., telling the truth) would probably help [the defendant] in court' holds out at least some hope for reward by special

7

consideration if the suspect cooperates"); *Robinson v. State*, 229 Ga. 14, 14-15 (1) (189 SE2d 53) (1972). Accordingly, we find no error by the trial court in granting Robinson's motion to suppress that part of his police interview that occurred after the officer improperly induced Robinson to talk further.

*Judgment affirmed. Phipps, C. J., and Ellington, P. J., concur.*