**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**May 14, 2015**

# In the Court of Appeals of Georgia

A15A0240. THE STATE v. JACKSON.

MCFADDEN, Judge.

The state appeals from the trial court's grant of Marcus Lewis Jackson's motion to suppress evidence of a statement Jackson made during a custodial interview. See OCGA § 5-7-1 (a) (5) (permitting state to directly appeal from order excluding evidence to be used by state at trial). The state and Jackson stipulated that

> the sole issue on th[e] motion [was] whether [the interviewing officer's] statement to [Jackson], during a [M]irandized custodial interview, that "the only way to get out of here is to be honest" [was] an unconstitutional "hope of benefit" prohibited by . . . OCGA § 24-8-824 or a "promise of a collateral benefit" permissible under OCGA § 24-8-825.

The trial court found that the suppressed statement was involuntary because it was induced by a hope of benefit. Because the undisputed evidence shows no hope of benefit – as that phrase has been consistently interpreted – was induced, we reverse.

The only evidence presented at the motion hearing was a video recording of the interrogation, which, with Jackson's agreement, the state submitted in lieu of the interrogating officer's testimony. "[W]here controlling facts are not in dispute, such as those facts discernable from a videotape, our review is de novo." *Vergara v. State*, 283 Ga. 175, 178 (1) (678 SE2d 863) (2008). Accord *Brown v. State*, 290 Ga. 865, 868 (2) (a) (725 SE2d 320) (2012); *State v. Underwood*, 283 Ga. 498, 500 (661 SE2d 529) (2008). Compare *State v. Chulpayev*, __ Ga. __, __ n. 3 (2) (__ SE2d __) (Cases No. S14A1375 & S14X1376, decided Mar. 27, 2015) (declining to apply de novo review where testimony and other evidence was presented on the issue of voluntariness of defendant's statement in addition to recording of interview in which statement occurred).

The video recording depicts the following exchange between the interrogating officer and Jackson, culminating in the alleged promise that induced a hope of benefit:

Officer: You've got a son, right?

Jackson: Daughter.

Officer: Daughter. How old?

Jackson: One.

Officer: One. I think I saw a picture of her. You love that little girl, don't you?

Jackson: I do.

Officer: You'd do anything in the world for her, wouldn't you?

Jackson: [nods]

Officer: Keep that in mind. Because if you – if you're not honest with us, you're not helping her, and that's what you need to worry about. Because she's got a long road and she's going to need her daddy. She's going to need you, you know? Whether you and momma get along, fine, great, you know, that's not the issue. She needs both parents and being inside here ain't helping, *but the only way out of here is to be honest*. The only way to actually look to the future is to be honest.

(Emphasis supplied.)

The video recording also depicts earlier statements by the officer that Jackson argues provide context for the alleged promise that induced a hope of benefit. Jackson

3

points to the officer's statement that "[b]eing honest and truthful about things shows that you will correct that mistake, and that you're deeply sorry for what you've done. And that's what helps you out in the long run, more than anything, more than another detective or another officer telling you say 'hey man, I'll help you out,' be honest." He also points to the officer's statement that "[y]our own words and your own character helps you more than anything. That's what the jury likes to see, that what the judge wants to see. It's not your words, it's your actions. Actions go a long way."

This case is governed by the evidence code that took effect January 1, 2013. The two relevant code provisions – OCGA §§ 24-8-824 and 24-8-825 – are substantively the same as provisions in Georgia's earlier evidence code and we give them the same meaning as the former code provisions. See *Chulpayev*, __ Ga. at __ (2). The provisions, read in tandem, see *Brown*, 290 Ga. at 868 (2) (b), provide that, "[t]o make a confession admissible, it shall have been made voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury," OCGA § 24-8-824, and that "[t]he fact that a confession has been made under a spiritual exhortation, a promise of secrecy, or a promise of collateral benefit shall not exclude it." OCGA § 24-8-825.

4

> This context makes it clear that [OCGA § 24-8-824] does not encompass every conceivable benefit that the police may offer a suspect in an effort to induce him to confess. Indeed, [our Supreme] Court consistently and for many decades has interpreted the phrase "slightest hope of benefit" as used in [the predecessor code sections to OCGA § 24-8-824] to focus on promises related to reduced criminal punishment – a shorter sentence, lesser charges, or no charges at all.

*Brown*, 290 Ga. at 868-869 (2) (b) (citations omitted). "A promise not related to charges or sentences has been held to constitute only a 'collateral benefit[.]'" *Pulley v. State*, 291 Ga. 330, 333 (2) (729 SE2d 338) (2012) (citations and punctuation omitted).

The officer's comments, as shown on the video recording, did not reflect a promise related to charges or sentences that would require the exclusion of Jackson's statement. While the officer encouraged Jackson to tell the truth, "[a]dmonitions to tell the truth will not invalidate a confession." *Sosniak v. State*, 287 Ga. 279, 286 (1) (B) (695 SE2d 604) (2010) (citation and punctuation omitted). "It is not improper for the police to encourage a suspect to help [him]self by telling the truth. It also does not render a statement involuntary for the police to tell a suspect that the trial judge may consider [his] truthful cooperation with the police." *Taylor v. State*, 274 Ga. 269, 273 (2) (553 SE2d 598) (2001) (citations omitted).

Jackson cites *State v. Robinson*, 326 Ga. App. 63 (755 SE2d 869) (2014), for the proposition that sometimes a defendant can infer a hope of benefit from the police's encouragement of truthfulness. In that case, we held that an officer's statement that "[t]he person that cooperates is the person that gets help" indicated to the appellant that if he cooperated truthfully he would get a lighter sentence than two accomplices. Id. at 66. We noted, however, that the indication of a lighter sentence arose within the context of the appellant's knowledge that the accomplices were also being interviewed by police. Id. That specific context does not exist here.

In this case, even if the officer's statement that "the only way out of here is to be honest" could be construed as a promise that if Jackson were honest he would be released, "such statement[ ] in context did not constitute a hope of benefit because no one promised [Jackson] that he would not be charged with a crime or that he would receive reduced charges, sentencing or punishment if he made incriminating statements." *Woodall v. State*, 294 Ga. 624, 629 (4) (754 SE2d 335) (2014) (citation omitted) (involving statement by interrogating officer that appellant could go home). Accord *Brown*, 290 Ga. at 869 (2) (b) (involving promise that, whatever defendant said, he would be "going home" after interview); *Overton v. State*, 295 Ga. App. 223, 243-244 (16) (671 SE2d 507) (2008) (involving appellant who made custodial

6

statement so that he would be released from jail). Accordingly, the trial court erred in holding that Jackson's custodial statement was induced by hope of benefit and therefore involuntary.

*Judgment reversed. Ellington, P. J., and Dillard, J., concur*.